**Robert Allen STUBBLEFIELD, Appellant,**

**v.**

**Sylvia STUBBLEFIELD, Appellee.**

No. B14–90–01007–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 31, 1991.

Terrence Gaiser, Houston, for appellant.

Richard A. Tindall, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Robert Allen Stubblefield appeals from a default judgment which increased his child support obligation. In two points of error Stubblefield claims the trial court had no authority to strike his pleadings and enter a default judgment. We reverse and remand for a new trial.

The parties were divorced in 1984. In the divorce decree appellee was named managing conservator and appellant was ordered to make child support payments. Several years later appellee filed a motion to modify the divorce decree alleging the amount of child support awarded in 1984 was inadequate. The motion was set for a hearing; and on June 14, 1990, appellant filed a motion for continuance. His motion was based on the illness of his attorney. The trial judge granted the continuance contingent on appellant reimbursing appellee her expenses incurred in traveling from Virginia to Houston for the hearing. The trial court entered the following order:

The Court having considered Respondent's Motion for Continuance grants same contingent upon Respondent reimbursing the Movant $672.00 in expenses. Respondent is ORDERED to deliver $672.00 to Movant's attorney, Richard A. Tindall, not later than 12:00 Noon on June 18, 1990 at 1415 Louisiana, Suite 1500, Houston, Texas 77002.

Although the attorney who appeared for appellant at the hearing on the motion for continuance agreed in open court that appellant would pay the $672.00, appellant failed to pay it. Appellee subsequently filed a motion for sanctions asking, among other things, that appellant's pleadings be struck. The trial court granted appellee's motion and struck appellant's pleadings. On July 9, 1990, the trial court heard appellee's motion to modify and entered judgment that the child support be increased to $850.00 per month, retroactive to the date of filing the motion to modify, plus attorney's fees.

In two points of error appellant claims the trial court had no authority to strike his pleadings. There is no authority allowing a trial court to impose sanctions on the facts of this case. *See D.A. Buckner Construction Inc. v. Hobson,* 793 S.W.2d 74, 76 (Tex.App.—Houston [14th Dist.] 1990, no writ) and *Baluch v. O'Donnell,* 763 S.W.2d 8, 11 (Tex.App.—Dallas 1988, no writ). Sanctions are authorized when a party fails to comply with proper discovery requests or fails to obey an order to provide or permit discovery. TEX.R.CIV.P. 215. Rule 13 of the Texas Rules of Civil Procedure authorizes Rule 215 sanctions if a pleading, motion, or other document is signed in violation of the rule. Neither of those rules applies to this case because appellant had not abused the discovery process, nor had he or his attorney signed a frivolous pleading.

In this case, the trial court ordered payment of $672.00 as reimbursement of appellee's travel expenses. When appellant failed to pay the expenses, the court granted appellee's motion for sanctions, *striking* appellant's pleadings. The trial court abused its discretion in striking appellant's pleadings because it had no authority to do so. We sustain appellant's two points of error.

Although the trial court's action in this instance exceeded its authority, it is reprehensible in the extreme that a litigant would agree in open court to pay a certain amount of money, then refuse to do so. We are not called upon to rule on other remedies available to the trial court in such a case. In the event no other remedies now exist, we suggest the legislature address a potential remedy.

The judgment of the trial court is reversed and the cause is remanded for a new trial.