**Reyes G. FALCON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–94–0111–CR.**

Court of Appeals of Texas,
Amarillo.

July 19, 1995.

Law Offices of Jose A. Stewart, Jose A. Stewart, Richardson, for appellant.

Dallas County District Attorney, John Vance, Dallas, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

## ABATEMENT AND REMAND

PER CURIAM.

Appellant Reyes G. Falcon, Jr., was convicted of aggravated sexual assault of a child under the age of fourteen. Punishment was assessed at 25 years confinement in the Texas Department of Criminal Justice, Institutional Division.

### Procedural History

After the jury found appellant guilty of the above mentioned offense, judgment was signed on February 11, 1994. Appellant then timely filed his notice of appeal on February 28, 1994. After appellant's trial counsel was permitted to withdraw, Jose Stewart was appointed to represent appellant on appeal.

On June 16, 1994, this court informed appellant that the transcript had been received and filed in this appeal but that no statement of facts had been received. This court further informed appellant that such record was due to be filed no later than June 13, 1994. On July 6, 1994, attorney Stewart filed his motion to extend the time for filing the statement of facts. This motion was granted on July 7, 1994, and the statement of facts was filed as of the date received.

On August 25, 1994, attorney Stewart filed a motion to extend the time for filing appellant's brief. This court granted the motion on August 30, 1994, and informed appellant's counsel that the brief was due to be filed no later than October 6, 1994. On November 8, 1994, attorney Stewart filed his second motion to extend the time for filing appellant's brief. This motion was also granted thereby giving appellant's counsel until December 5, 1994, to file such brief. On December 27, 1994, attorney Stewart filed his third motion to extend the time for filing appellant's brief. The court also granted this motion and informed appellant's counsel the appellant's brief was due to be filed no later than February 3, 1995. On March 6, 1995, attorney Stewart filed his fourth motion to extend the time to file appellant's brief. The court again granted appellant's motion; however, the court admonished attorney Stewart that no further extension would be granted. Appellant's brief was due to be filed April 9, 1995. In a letter dated June 14, 1995, this court informed attorney Stewart that appellant's brief had still not been received and that, in the absence of a satisfactory explanation for this tardiness, appellant's appeal would be abated and the cause remanded to the trial court. No explanation was tendered until June 27, 1995, when appellant's counsel filed his fifth motion to extend the time for filing appellant's brief. In his motion, attorney Stewart states that he "has been unable to prepare the brief due to his involvement in constant trials and appeals of other causes." He also adds that this problem has "been compounded by a four week illness and recovery."

We now determine that counsel's explanation that he was simply too busy to prepare a

brief for appellant is not satisfactory. Therefore, we now abate this appeal, and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine whether appellant desires to prosecute this appeal. In the event that appellant does so desire, the trial court shall then determine:

1. Whether appellant was deprived of a brief because of ineffective assistance of counsel or for some other reason; and, if so,

2. Whether attorney Stewart shall be permitted to continue with the appeal or new counsel appointed.

In the event the trial court determines that appellant still desires to prosecute this appeal but has been deprived of reasonably effective assistance of counsel, the court shall take such steps as are necessary to secure appellant a meaningful appeal. If appropriate, the trial court may appoint new counsel to represent appellant on appeal, assuming appellant is found indigent. In that event, the trial court shall notify this court of the name and address of the new counsel.

The determinations of the trial court shall not inhibit the court, if the court deems it appropriate, to impose sanctions against appellant's counsel for failing to discharge the obligations of his appointment to the detriment of appellant's appeal. *See* Tex. Govt.Code Ann. § 21.001 (Vernon 1988); *Guillory v. State,* 557 S.W.2d 118, 121 (Tex. Crim.App.1977).

Following the hearing, the trial court shall make and file findings of fact and conclusions of law, together with any appropriate orders. The court shall also cause a transcription of the hearing to be prepared. A supplemental transcript which includes the court's findings and conclusions, if any, as well as all orders entered, and the transcription of the hearing shall be submitted to this Court no later than August 21, 1995. Should additional time be needed to comply, the trial court must provide this Court with a written, reasonable explanation for same on or before August 21, 1995.

**Referral to the Office of the Chief Disciplinary Counsel**

By order of the Supreme Court of Texas, this cause was transferred from the Fifth Court of Appeals to the Seventh Court of Appeals on April 8, 1994. Since that time, this court has demonstrated great patience with appellant's counsel. However, we believe that we have an obligation to report counsel's conduct in this appeal to the appropriate disciplinary authority. *See* Tex.Disciplinary R.Prof.Conduct 8.03(a) (1989), *reprinted in* Tex.Gov't.Code Ann., tit. 2, subtit. G app. (Vernon Supp.1995) (State Bar Rules art. x, § 9). Accordingly, we direct our clerk to certify a record of this cause in our court, consisting of the following:

1. Letter dated June 16, 1995, informing counsel that the transcript had been filed and that the statement of facts had not been received.

2. Motion filed July 6, 1994, to extend time for filing statement of facts.

3. Letter dated July 7, 1994, informing counsel that the motion had been granted and the statement of facts filed with the court.

4. Motion filed August 25, 1994, to extend time for filing appellant's brief.

5. Letter dated August 30, 1994, informing counsel that above motion had been granted and the time for filing the brief extended to October 6, 1994.

6. Motion filed November 8, 1994, to extend time for filing appellant's brief.

7. Letter dated November 10, 1994, informing counsel that above motion had been granted and the time for filing the brief extended to December 5, 1994.

8. Motion filed December 22, 1994, to extend time for filing appellant's brief.

9. Letter dated December 27, 1994, informing counsel that above motion had been granted and the time for filing the brief extended to February 3, 1995.

10. Motion filed March 6, 1995, to extend time for filing appellant's brief.

11. Letter dated March 9, 1995, informing counsel that above motion had been granted and the time for filing the brief extended to April 9, 1995.

12. Motion filed June 27, 1995, to extend time for filing appellant's brief.

The clerk is directed to forward the material, under seal, to the Office of the Chief Disciplinary Counsel for its consideration with a copy of this order, and a request to determine whether in ignoring the April 9, 1995 deadline and otherwise delaying prosecution of this appeal, counsel for the appellant violated the Code of Professional Responsibility and other applicable regulatory rules.

Due Process and Justice demands litigation reach conclusion. Inappropriate and continuous delays by counsel of the system obstructs justice and lends credence to arguments of the lack of justice not only for appellant but for the State of Texas, the victim and society.