TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00059-CV







Shelli Nadine Dalziel and Elizabeth Elleson, Appellants



v.



Curtis Jay Dalziel, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 97-424-FC2, HONORABLE ROBERT F. B. MORSE, JUDGE PRESIDING








 This appeal involves sanctions imposed in a divorce case between appellant Shelli
Nadine Dalziel and appellee Curtis Jay Dalziel. Shelli and her attorney, appellant Elizabeth
Elleson, appeal the trial court's order assessing Ms. Elleson with $2000 in sanctions and vacating
all pleadings and support orders except the divorce petition. We will reverse the portion of the
court's order sanctioning Ms. Elleson and awarding attorney's fees to Mr. Dalziel.


BACKGROUND


 Ms. Elleson represented Shelli Dalziel in her divorce from Curtis Dalziel. Curtis
originally represented himself, but later retained Cynthia Borgfeld Smith. While Curtis was still
acting pro se, a hearing was scheduled on April 14, 1997 for determination of temporary orders. 
Before the hearing, the parties negotiated for three hours on the issue of child support. 
Afterwards, Ms. Elleson read into the record the terms of a "temporary, temporary" agreement
that was originally to be in effect for only ten days. The transcript from that record shows that
Ms. Elleson did not state any amount of support as being agreed upon. However, the written
orders she drafted for the judge to sign provided for interim monthly child support in the amount
of $1225. On May 12, 1997, the trial court ordered temporary child support in the amount of
$852 per month and temporary spousal support of $578 per month. 

 Afterwards, a series of disputes arose between the Dalziels over the distribution of
their vehicles. It was at this time that Curtis told Ms. Elleson that he had retained an attorney, but
he failed to identify counsel by name. On June 23, 1997, Ms. Elleson learned that Curtis had
spoken to his three young children about the property disputes and had upset them. Ms. Elleson
left a message on Curtis's voice mail claiming that he was in violation of the temporary orders by 
upsetting the children; she also stated that she had not yet heard from his attorney. Later that
morning, Ms. Smith faxed Ms. Elleson to notify her that her phone call to Curtis constituted a
violation of "State Bar Rule 4.02." (1)
 On July 1, Ms. Smith moved for sanctions against Ms.
Elleson for allegedly violating this rule by contacting Curtis directly after he was represented by
counsel. She requested that Ms. Elleson be disqualified as counsel for Shelli and that Ms. Elleson
personally pay Curtis's attorney's fees in the amount of $2500, presumably as a sanction. On July
14, Ms. Smith filed a second motion requesting the court to vacate the temporary orders for
support that were in place at the time, alleging that Ms. Elleson had violated a Rule 11 (2) agreement
on the record by presenting the trial court with written temporary orders that did not accurately
reflect the agreement of the parties that was read into the record. Appellee argues that Ms.
Elleson acted in bad faith, thereby violating Rule 13 and permitting the trial court to apply Rule
215 sanctions. See Tex. R. Civ. P. 13, 215.

 A hearing on both motions was set for July 17, 1997; Ms. Smith faxed notice of
the hearing to Ms. Elleson on July 14. Because the notice was faxed, the Rules of Civil Procedure
required that Ms. Elleson have at least six days' notice of the hearing. See Tex. R. Civ. P. 21a. 
At the hearing on July 17, the trial court acknowledged the lack of sufficient notice and stated that
they would proceed only on Ms. Smith's first motion alleging the disciplinary rule violation. 
However, the transcript of the hearing indicates that the trial court admonished Ms. Elleson for
presenting him with a written agreed amount of support when no amount had been read into the
record as part of the Rule 11 agreement. The court then proceeded to consider the Rule 13
violation alleged in Ms. Smith's second motion. (3)
 The following day, the trial judge found that
good cause existed for sanctioning Ms. Elleson and ordered her to pay Curtis $2000 in attorney's
fees. The court also struck all of Shelli Dalziel's pleadings (except the original petition for
divorce) and all prior temporary orders.

 Although Shelli Dalziel is named as an appellant, this appeal focuses on the
sanctioning of her attorney, Elizabeth Elleson. In their brief, appellants raise ten points of error
challenging the sanctions imposed by the trial court, primarily arguing that the court abused its
discretion in sanctioning Ms. Elleson. In their first point of error, appellants argue that a
disciplinary rule violation is not cause for judicial sanctions. Point of error five claims that if
appellee's motion to vacate provided a basis for sanctions, the sanctions violated Rule 13 of the
Texas Rules of Civil Procedure. In their eighth point of error, appellants argue that the imposition
of sanctions violated appellants' due process right to notice.


DISCUSSION


 Appellee attempts to defend the sanctions on two grounds. First, he argues that the
sanctions should be upheld because it was within the trial court's discretion to sanction Ms.
Elleson for violating the Disciplinary Rules of Conduct. Second, Curtis claims that it was also
within the trial court's discretion to sanction appellants for violating Rule 13 of the Texas Rules
of Civil Procedure. We find that both arguments lack merit. Although the imposition of an
available sanction is left to the sound discretion of the trial court, see Koslow's v. Mackie, 796
S.W.2d 700, 704 (Tex. 1990), the sanction imposed by the trial court on Ms. Elleson was not
available for either of the violations allegedly committed in this case.

 First addressing the improper client contact alleged in the earlier sanctions motion,
we note that the Texas Disciplinary Rules of Professional Conduct, part of the Code of
Professional Responsibility promulgated by the Texas Supreme Court, were prepared for an
"administrative agency"--the State Bar of Texas. See Pannell v. State, 666 S.W.2d 96, 98 (Tex.
Crim. App. 1984). The rules are to be used and applied in an administrative capacity, and are not
laws of the State of Texas. See id. Ethical violations are to be dealt with as part of the grievance
procedure established for dealing with unethical conduct. See id; see also House v. State, 947
S.W.2d 251, 252-253 (Tex. Crim. App. 1997) (disciplinary proceeding before the State Bar is the
only method for remedying disciplinary rule violations). The court below may have been
obligated to report any improper client contact by Ms. Elleson. See Tex. Disciplinary R. Prof.
Conduct 8.03(a) (State Bar Rules art. X, § 9); see also Falcon v. State, 933 S.W.2d 531, 533
(Tex. App.--Amarillo 1995, no writ); Gray v. State, 896 S.W.2d 572, 573 (Tex. App.--Waco
1995, no writ). However, it did not have the authority to levy monetary sanctions for such
behavior. Second, any misrepresentation of the Rule 11 agreement does not provide a basis
under Rule 13 for the sanction levied in this case. The purpose of Rule 13 is to check abuses in
the pleading process, i.e., to insure that at the time the challenged pleading was filed the litigant's
position was factually well-grounded and legally tenable. See Home Owners Funding Corp. of
America v. Scheppler, 815 S.W.2d 884, 889 (Tex. App.--Corpus Christi 1991, no writ). Rule
13 authorizes the sanctions listed in Rule 215 (for discovery abuses) if a pleading, motion, or other
document is signed in violation of the rule. See Stubblefield v. Stubblefield, 818 S.W.2d 221, 222
(Tex. App.--Houston [14th Dist.] 1991, no writ). In this case, as in Stubblefield, neither Rule
13 nor Rule 215 applies because appellants neither abused the discovery process nor signed a
frivolous pleading. 

 Additionally, the record supports appellants' argument that there was insufficient
notice of the hearing for sanctions on any allegations set forth in the second motion filed. On July
14, 1997, Ms. Elleson received a faxed notice of the hearing set for July 17. Since the notice was
faxed only three days prior to the hearing, Ms. Elleson did not receive sufficient notice of Ms.
Smith's second motion. See Tex. R. Civ. P. 21a (sending notice by fax adds three days to existing
three-day notice period). If the trial court sanctioned Ms. Elleson for the conduct alleged in the
second motion, it violated Rule 21a's notice requirement. Imposing sanctions without the requisite
notice and hearing violates the requirements of due process. See Braden v. South Main Bank, 837
S.W.2d 733, 738 (Tex. App.--Houston [14th Dist.] 1992, no writ), cert. denied, 508 U.S. 908
(1993). It is an abuse of discretion for the trial court to impose sanctions when the defaulting
party has inadequate notice of the sanctions hearing. See Koslow's, 796 S.W.2d at 704. Because
Ms. Elleson did not receive proper notice of the hearing, as the trial court acknowledged, it should
not have sanctioned her for any misconduct alleged in the second sanctions motion. Points of
error one, five, and eight are sustained.

 Appellants also challenge the portion of the trial court's order striking all of the 
pleadings and temporary orders filed through July 17, 1997. They specifically request that
appellee now be ordered to pay the amount of temporary child and spousal support that he would
have been required to pay had the trial court not struck the temporary orders. However, when a
final divorce decree or judgment is rendered, any interlocutory or temporary orders are superceded
by the entry of the final divorce decree and cease to be valid subsisting orders. See Rafferty v.
Finstad, 903 S.W.2d 374, 378 (Tex. App.--Houston [1st Dist.] 1995, writ denied) (temporary
orders ceased to be valid orders after final divorce decree; any acts of dissipation in violation of
temporary orders had to be addressed when court partitioned community estate in final decree);
Ex parte Grothe, 581 S.W.2d 296, 297 (Tex. Civ. App.--Austin 1979, orig. proceeding)
(temporary orders superceded by final decree of divorce). Therefore, any request for deficiencies
in child and spousal support as a result of the trial court's vacating temporary orders should have
been addressed before the entry of the final divorce decree or judgment. Appellants' requested
relief is denied.

 Neither justification offered by appellee for sustaining the trial court's order can
support the monetary sanction awarded against Ms. Elleson. Because we sustain points of error
one, five, and eight, we need not address appellants' seven other points of error.


CONCLUSION


 Having sustained points of error one, five, and eight, we reverse the portion of the
trial court's order issuing monetary sanctions in the form of attorney's fees against Elizabeth
Elleson, and render judgment that Curtis Dalziel take nothing in attorney's fees.



 

 Bea Ann Smith, Justice

Before Chief Justice Yeakel, Justices Jones and B. A. Smith

Reversed and Rendered in Part

Filed: October 29, 1998

Do Not Publish
1. Rule 4.02(a) states: "[A] lawyer shall not communicate or cause or encourage another to
communicate about the subject of the representation with a person . . . the lawyer knows to be
represented by another lawyer regarding that subject, unless the lawyer has the consent of the
other lawyer or is authorized by law to do so." See Tex. Disciplinary R. Prof. Conduct 4.02(a)
(State Bar Rules art. X, § 9).

2. Rule 11 states: "[N]o agreement between attorneys or parties touching any suit pending will
be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless
it be made in open court and entered of record." Tex. R. Civ. P. 11.
3. No other incidents of alleged misconduct on Ms. Elleson's part were discussed at the
hearing.




y
14, 1997, Ms. Elleson received a faxed notice of the hearing set for July 17. Since the notice was
faxed only three days prior to the hearing, Ms. Elleson did not receive sufficient notice of Ms.
Smith's second motion. See Tex. R. Civ. P. 21a (sending notice by fax adds three days to existing
three-day notice period). If the trial court sanctioned Ms. Elleson for the conduct alleged in the
second motion, it violated Rule 21a's notice requirement. Imposing sanctions without the requisite
notice and hearing violates the requirements of due process. See Braden v. South Main Bank, 837
S.W.2d 733, 738 (Tex. App.--Houston [14th Dist.] 1992, no writ), cert. denied, 508 U.S. 908
(1993). It is an abuse of discretion for the trial court to impose sanctions when the defaulting
party has inadequate notice of the sanctions hearing. See Koslow's, 796 S.W.2d at 704. Because
Ms. Elleson did not receive proper notice of the hearing, as the trial court acknowledged, it should
not have sanctioned her for any misconduct alleged in the second sanctions motion. Points of
error one, five, and eight are sustained.

 Appellants also challenge the portion of the trial court's order striking all of the 
pleadings and temporary orders filed through July 17, 1997. They specifically request that
appellee now be ordered to pay the amount of temporary child and spousal support that he would
have been required to pay had the trial court not struck the temporary orders. However, when a
final divorce decree or judgment is rendered, any interlocutory or temporary orders are superceded
by the entry of the final divorce decree and cease to be valid subsisting orders. See Rafferty v.
Finstad, 903 S.W.2d 374, 378 (Tex. App.--Houston [1st Dist.] 1995, writ denied) (temporary
orders ceased to be valid orders after final divorce decree; any acts of dissipation in violation of
temporary orders had to be addressed when court partitioned community estate in final decree);
Ex parte Grothe, 581 S.W.2d 296, 297 (Tex. Civ. App.--Austin 1979, orig. proceeding)
(temporary orders superceded by final decree of divorce). Therefore, any request for deficiencies
in child and spousal support as a result of the trial court's vacating temporary orders should have
been addressed before the entry of the final divorce decree or judgment. Appellants' requested
relief is denied.

 Neither justification offered by appellee for sustaining the trial court's order can
support the monetary sanction awarded against Ms. Elleson. Because we sustain points of error
one, five, and eight, we need not address appellants' seven other points of error.


CONCLUSION


 Having sustained points of error one, five, and eight, we reverse the portion of the
trial court's order issuing monetary sanctions in the form of attorney's fees against Elizabeth
Elleson, and render judgment that Curtis Dalziel take nothing in attorney's fees.



 

 Bea Ann Smith, Justice

Before Chief Justice Yeakel, Justices Jones and B. A. Smith

Reversed and Rendered in Part

Filed: October 29, 1998

Do Not Publish