**Ex parte Carl GROTHE, Relator.**

**No. 13028.**

Court of Civil Appeals of Texas, Austin.

May 2, 1979.

Carol E. Prater, Temple, for appellant.

Charles C. Smith, Jr., Cameron, for appellee.

SHANNON, Justice.

This is an original habeas corpus proceeding by which relator Carl Grothe seeks discharge from custody of the sheriff of Milam County. Relator was committed to jail by a judgment of contempt entered by the district court of Milam County. Upon presentation of relator's application, this Court directed issuance of the writ and relator's release on bond.

The contempt proceedings arose from a suit for divorce filed in the district court of Milam County by Linda A. Grothe against relator. On November 9, 1976, the district court in a "Temporary Order" ordered relator to pay $500.00 each month as temporary alimony and child support. On August 18, 1978, the district court entered a "Revised Temporary Order" reducing the temporary alimony and child support to $350.00 each month. The district court entered the "Final Judgment" on September 19, 1978. By that judgment the court dissolved the marriage, named managing and possessory conservators, divided the property between the parties, and ordered relator to pay $125.00 each month in support of each of his two children.

The judgment of contempt was signed on March 5, 1979. Relator was adjudged guilty of three contumacious acts: (1) refusal to pay temporary alimony and child support payments for February, 1977; March, 1977; July, 1978; and August, 1978, in violation of the "Temporary Order" signed November 9, 1976; (2) refusal to pay temporary alimony and child support payments for September, 1978, in violation of the "Revised Temporary Order" signed on August 18, 1978; and (3) refusal to pay child support payments for October, 1978, and November, 1978, as ordered by the "Final Judgment" signed on September 19, 1978.

The district court assessed separate punishment for each contumacious act. For each act of contempt the court committed relator to jail for seven days, and for such further time as he failed to comply with the respective order.

■ On March 5, 1979, the date of the order of contempt, the temporary orders of November 9, 1976, and August 18, 1978, were not valid, subsisting orders. Both temporary orders had been superseded by entry of the divorce decree of September 19, 1978. *Ex Parte Deckert,* 559 S.W.2d 847 (Tex.Civ.App.1977). Those parts of the judgment of contempt based upon disobedience of the temporary orders not in existence at the time of the signing of the contempt judgment are void.

Relator's third contumacious act was his alleged refusal to pay child support payments for October, 1978, and November, 1978 ". . . in the manner provided by . . ." the divorce decree. In support of his contention that his commitment was invalid, relator filed the affidavit of the district clerk of Milam County, Leola Komar. The affidavit showed that on December 1, 1978, relator paid into the clerk's office the October, 1978, and November, 1978, child support payments. By the terms

of the divorce decree, the October payment was due on October 9, 1978, and the November payment was due on November 9, 1978.

█ By making the October and November support payments on December 1, 1978, relator did not pay the child support " . . . in the manner provided by . . . " the divorce decree. The district court properly adjudged relator in contempt and assessed punishment as seven days in jail. The contempt judgment provided further that relator remain in jail until he complied with the divorce decree. Since relator made the October and November, 1978, support payments, the coercive part of the judgment is void.

It appearing to this Court that relator has served four days of the punishment assessed in the county jail, he is remanded to the custody of the sheriff of Milam County, Texas, to serve three days in jail. When relator has served three days, he shall be discharged.

Relator Remanded to the Custody of the Sheriff.