**Carl GROTHE, Appellant,**

**v.**

**Linda A. GROTHE, Appellee.**

**No. 12996.**

Court of Civil Appeals of Texas, Austin.

Nov. 21, 1979.

Rehearing Denied Dec. 12, 1979.

Carol E. Prater, Temple, for appellant.

Charles C. Smith, Jr., Cameron, for appellee.

SHANNON, Justice.

In 1976 appellee Linda A. Grothe filed suit for divorce against appellant Carl Grothe in the district court of Milam County. Appellee also sought appointment as managing conservator of the minor children, a division of the property, and an order that appellant make child support payments. Two original proceedings, stemming from the suit for divorce, were filed in and determined by this Court. *Ex parte Grothe, Relator*, Tex.Civ.App., 581 S.W.2d 296 (1979); *Ex parte Grothe*, Tex.Civ.App., 570 S.W.2d 183 (1978).

After several hearings before the district court, judgment was entered on September 19, 1978, granting the divorce, appointing appellee managing conservator of the two minor children, ordering appellant to pay child support, and dividing the property of the parties.

Appellant does not question that part of the judgment ordering the divorce, appointing appellee managing conservator, and ordering appellant to pay child support. Appellant attacks the balance of the judgment by two points of error claiming: (1) the court " . . . erred in ordering a division of the parties [*sic*] community property which was not fair and equitable or equal . . . " and (2) the court " . . . erred in failing to reimburse the community estate for improvements made by Appellant to Appellee's separate property."

The judgment details the division of the parties' property. Appellee received the couple's house and lots in Cameron subject to the mortgage indebtedness. Appellee also received most of the household furnishings and fixtures, a 1974 Oldsmobile, a jeep, a trailer, one thousand bales of hay, and other personalty. Appellant received by the terms of the judgment leases on about fourteen hundred acres of land, two pickups, a gooseneck trailer, and farm equipment subject to indebtedness.

The judgment recited further " . . . that during the pendency of this cause the [appellant] wrongfully and willfully converted substantial amounts of community funds to his own personal use, with the intention of depriving [appellee] of her community interest therein."

Appellant did not request, and the district court did not file, findings of fact and conclusions of law. Appellant filed only a partial statement of facts consisting of testimony given in two of the several hearings. Because appellant filed only a

partial statement of facts, this Court must presume that there was evidence to support the judgment dividing the property and refusing to reimburse the community estate. *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968); *Guthrie v. National Homes Corporation*, 394 S.W.2d 494 (Tex.1965). "The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact . . . this burden cannot be discharged in the absence of a complete or an agreed statement of facts." *Englander Co. v. Kennedy, supra.*

■ The judgment respecting the division of the property may be affirmed upon yet another basis. As above quoted, the judgment recited that appellant, during the pendency of the cause, wrongfully and willfully converted substantial amounts of community funds for his own personal use with the intention of depriving appellee of her community interest in those funds. This finding stands unchallenged by point of error. Accordingly, even though the division of the property in the judgment might have been weighted in favor of appellee, that disparity was justified in light of appellant's admitted conversion of community funds.

The judgment is affirmed.