**Ex parte Sammy Dewayne SHAVER.**

**No. 20432.**

Court of Civil Appeals of Texas, Dallas.

March 17, 1980.

Burt Barr, Dallas, for appellant.

Tom Sands, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

GUITTARD, Chief Justice.

This application for a writ of habeas corpus presents the question of the effect of a final divorce decree on the enforceability of a temporary support order. We hold that in the absence of a provision in the divorce decree terminating or superseding the obligation, the earlier order may still be enforced.

The temporary support order was issued in April 1979. No payments have been made. Respondent filed a motion for contempt, which was heard on October 11, 1979. After that hearing, the judge signed an order adjudging relator to be in contempt, fixing his punishment at confinement in jail for seventy-two hours, and ordering that his confinement continue until he should purge himself of contempt by paying $1,015 in child support arrearage, $300 attorney's fees, and $38 costs.

Relator was not arrested and confined until after a final hearing on respondent's petition for divorce, which relator did not attend. Counsel have advised that no written decree has yet been signed. We have before us only a certified copy of the judge's docket notations, which show that on February 19, 1980, respondent and her counsel appeared and presented testimony on the merits of her divorce action and that the judge rendered judgment granting the divorce, appointing respondent managing conservator, and ordering relator to pay two hundred dollars a month as child support after divorce. The docket notations also show that the judge found the child support arrearage to be $2,900, with respondent "to have judgment" against relator in that amount.

Relator was arrested and placed in jail on February 21. We ordered his release on bail, heard argument of counsel, and took the matter under advisement.

Relator does not contend that the contempt order of October 11 was void when rendered. He argues that it became void on February 19 when the judge announced the final judgment of divorce. He relies on *Ex parte Grothe*, 581 S.W.2d 296 (Tex.Civ. App.—Amarillo 1979, no writ), which dif-

fers in that the relator in that case was not found to be in contempt until after the final judgment was rendered. The court held that since the temporary support order had been superseded by the final decree, the judgment of contempt based on violation of the temporary order was void.

■ We hold that rendition of the final divorce decree does not in itself nullify the temporary order with respect to payments past due. It supersedes the temporary order with respect to future support, but the obligation for past support, as fixed by the temporary order, continues unless modified by the provisions of the divorce decree or satisfied by payment. Rendition of a divorce decree providing for support payments after divorce is not inconsistent with a continuing obligation to make the payments past due under the temporary order, and neither is it inconsistent with an order finding the relator in contempt and requiring him to be confined in jail until those payments should be made. Although *Grothe* seems to take a different view, we do not regard it as controlling on this point.

■ Relator further contends, however, that the earlier temporary order was superseded by that provision of the present divorce decree that respondent "have judgment" against relator in the amount of $2,900, as shown by the docket notation. He insists that this reduction of the arrearage to judgment precludes further enforcement of the temporary order by contempt.

We disagree. The provision for judgment in the amount of the arrearage is authorized by section 14.09(c) of the Texas Family Code (Vernon 1975), which provides:

On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts.

This provision is only one of the remedies provided by section 14.09. Subdivision (a) provides that any order of the court may be enforced by contempt, and subdivision (b) refers to Rule 308A of the Texas Rules of Civil Procedure for the procedure to be followed in enforcing an order by contempt proceedings.

We see nothing in section 14.09 to suggest that the remedy of a judgment for money enforceable by execution excludes enforcement of the same obligation by contempt. Neither do we find any inherent or logical inconsistency between the two remedies. The support order represents but a single obligation which may be enforced in more than one manner. When any payment is made, either voluntarily or as a result of the invocation of either remedy, the obligation is reduced to that extent, and if the entire amount is paid, the obligation is extinguished. Consequently, in the present case, the judgment for $2,900 in the divorce decree does not supersede the earlier order committing relator to jail until he pays $1,015 in child support arrearage, $300 attorney's fee, and $38 costs. Relator may still be confined until he pays the amounts specified, and any payment on the arrearage will be credited on the judgment for $2,900.

■ Such confinement would not, in our opinion, violate article I, section 18, of the Texas Constitution, which forbids imprisonment for debt. Section 14.09(c) provides that a judgment for unpaid child support "may be enforced by any means available for the enforcement of judgments for debts." This provision does not mean, however, that such a judgment becomes a debt. *See Smith v. Bramhall*, 563 S.W.2d 238, 239 (Tex.1978). The nature of the obligation depends on its origin, not on the manner of its enforcement. It is well settled that the natural and legal duty of a parent to support his child is not a debt, but arises from the relationship. On this basis, it may be enforced by confinement until payment is made. *Ex parte Birkhead*, 127 Tex. 556, 95 S.W.2d 953, 954 (1936); *Ex parte Davis*, 101 Tex. 607, 111 S.W. 394, 395–96 (1908). We

see no reason why addition of another statutory remedy should affect the constitutional status of the obligation, even though that remedy be one available also for the enforcement of debts. In this respect we disagree with *Ex parte Harwell*, 538 S.W.2d 667, 670–71 (Tex.Civ.App.—Waco 1976, no writ), which seems to take the opposite view.

The writ of habeas corpus is denied and relator is remanded to the custody of the sheriff.