**Ex parte Harvey Truett DAVIS.**

**No. 20414.**

Court of Civil Appeals of Texas, Dallas.

March 17, 1980.

James M. Murphy, Dallas, for appellant.

Donald A. Wetzig, Wetzig & Schaumburg, Duncanville, for appellee.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

GUITTARD, Chief Justice.

This is another application for a writ of habeas corpus attacking a contempt order on the ground that the temporary support order sought to be enforced has been superseded by a divorce decree. For reasons stated in *Ex parte Shaver*, 597 S.W.2d 498 (Tex.Civ.App.—Dallas 1980, no writ), this day decided, we hold that the contempt order is not superseded or nullified by the divorce decree. We also hold that relator has not shown that the contempt order is unenforceable because of his inability to make the support payments provided.

The temporary order in this case was issued at a hearing on August 10, 1979. It required relator to pay $50 per week as child support. On February 11, 1980, the court heard respondent's motion for contempt for violation of the temporary order, sentenced him to confinement in jail for 144 hours, and ordered him to remain in jail until an arrearage of $1,000 should be paid. The court then proceeded to hear the divorce case on the merits and rendered a decree in accordance with the parties' testimony that they had reached an agreement concerning division of community property, managing and possessory conservatorship, and further support payments. On the next day after these proceedings, the court signed an order sustaining the motion for

contempt and committing relator to jail in accordance with the contempt judgment pronounced from the bench. The record before us contains no final decree of divorce.

Relator concedes that he is in contempt, and he does not challenge the contempt judgment insofar as it orders him to be confined to jail for 144 hours as punishment for violation of the temporary order. He attacks the coercive provisions of the contempt judgment on the ground that the temporary order was superseded by the divorce decree. Even though he was found in contempt and his punishment was assessed before the court proceeded to hear evidence on the petition for divorce, relator says that a written commitment was required before he could be confined to jail and that no such commitment could be effective if signed after the divorce decree was rendered.

■ We do not agree. For the reasons stated in *Shaver, supra,* we hold that rendition of the divorce decree does not supersede the order for temporary support with respect to past due payments unless the decree by its provisions modifies or terminates the support obligation fixed by the temporary order. There is no suggestion here that the trial judge made any provision in his divorce decree that would affect relator's obligation to make the support payments then past due. Consequently, we hold that the court's power to enforce the temporary order with respect to payments past due is not affected by the divorce decree.

■ Relator also challenges the coercive provisions of the contempt order on the ground of his present inability to pay the arrearage, although he admits that the evidence does not establish his inability to make the payments when they fell due. He relies on *Ex parte Dustman,* 538 S.W.2d 409 (Tex.1976), in which a relator's inability to purge himself of contempt by payment of a child-support arrearage was held to be conclusively established. We find no such conclusive evidence here. Relator's testimony shows that he is a skilled electrician and that he quit his job because of a disagree-

ment with his employer. Apparently, he can secure other employment when he pleases. His automobile, though not new, is free of debt, and relatives have offered to help him make his payments. This evidence is sufficient to justify the trial court in finding that he was able to pay the arrearage of $1,000. *Ex parte Lindsey,* 561 S.W.2d 572, 574 (Tex.Civ.App.—Dallas 1978, no writ); *Ex parte Hennig,* 559 S.W.2d 401, 402 (Tex.Civ.App.—Dallas 1977, no writ).

The petition for writ of habeas corpus also attacks the temporary order insofar as it prohibits his visitation with the child while in the company of any "female companions" or "female acquaintances." This provision of the order, relator contends, is too vague to be enforced under the standard prescribed in *Ex parte Slavin,* 412 S.W.2d 43 (Tex.1967). We do not reach this question because relator has limited his application for writ of habeas corpus to the coercive provision of the contempt order and does not challenge the judgment insofar as it assesses his punishment at 144 hours in jail.

The writ of habeas corpus is denied and relator is remanded to the custody of the sheriff.