Affirmed as Modified and Memorandum Opinion filed November 23, 2005









Affirmed as Modified and Memorandum Opinion filed
November 23, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00071-CV

____________

 

EDAENA VILLARREAL, Appellant

 

V.

 

REYNALDO
VILLARREAL,
Appellee

 



 

On Appeal from the 300th
District Court

Brazoria County, Texas

Trial Court Cause No. 18051*RH01

 



 

M E M O R A N D U M   O P I N I O N








This is an appeal from a divorce between
appellant Edaena Villarreal and appellee Reynaldo Villarreal.  Edaena argues in four issues that the trial
court erred (1) by appointing intervenors Reynaldo Villarreal Sr. and Estela
Villarreal (Athe grandparents@) joint managing
conservators with primary physical possession of Edaena and Reynaldo=s four children,
(2) by overruling Edaena=s motion to dismiss the grandparents= petition in
intervention, (3) by failing to render a judgment for unpaid temporary child
support, and (4) by entering judgment on a lien in favor of the grandparents
against Edaena and Reynaldo=s marital
property.  We modify the judgment to
delete the paragraph that impressed a lien on the parties= property.  We affirm the remainder of the judgment.

Background

Edaena and Reynaldo were married for
approximately fourteen years.  During
their marriage, they had four children, three boys and one girl.  The couple lived in Rosharon, Texas on a
ten-acre tract of land that they owned. 
After they separated in 2001, Edaena filed for divorce.  In May 2002, the trial court entered
temporary orders for custody and child support. 
Reynaldo was awarded temporary primary physical possession of the oldest
boy and was ordered to pay Edaena $450 per month in child support.  Edaena was awarded temporary primary physical
possession of the three younger children. 
After living with her sister, Edaena moved in with her boyfriend, Manuel
Troncoso, and his daughter.  Despite the
temporary orders forbidding either parent to have an unrelated member of the
opposite sex at his or her house between the hours of 10:00 p.m. and 8:00 a.m.
when the children were present, Edaena and the three younger children lived
with Troncoso for approximately one year. 
In May 2003, Edaena and the three children moved out of Troncoso=s home and into an
apartment for the purpose of complying with the court=s temporary
orders.  The paternal grandparents
intervened in the divorce action in May 2003. 
Both parties and the grandparents sought to be named the sole managing
conservators of all four children.  A
bench trial was held over three days in June and October 2003.








In the final decree of divorce, the trial
court appointed Edaena, Reynaldo, and the grandparents as joint managing
conservators of the children and awarded the grandparents primary physical
possession of the children.  Each parent
was ordered to pay the grandparents $211.83 per month for child support.  The trial court divided the marital property,
awarding Reynaldo and Edaena five acres each of the land they owned.  The trial court also entered judgment in
favor of the grandparents on a mechanic=s and materialman=s lien in the
amount of $44,197.32 on the entire ten-acre tract that Reynaldo and Edaena
owned.  Finally, the decree specifically
discharged all obligations for temporary support that were imposed by the
temporary orders.

Standing

In her second issue, Edaena argues the
trial court erred in denying her motion to dismiss the grandparents= petition in
intervention.  The grandparents sought
intervention under section 102.004 of the Texas Family Code, which allows standing
for grandparents in child custody disputes under certain circumstances.  Section 102.004(a) gives grandparents
standing to file an original suit requesting managing conservatorship if the
order is necessary because the child=s environment
presents a serious question concerning the child=s physical health
or welfare, or both parents, the surviving parent, or the managing conservator
or custodian either filed the petition or consented to the suit.  Tex.
Fam. Code Ann. ' 102.004(a) (Vernon 2002).  The text of section 102.004(b) of the Family
Code in effect at the time the grandparents filed suit specifically provides
that grandparents who have substantial past contact with the child may be
granted leave to intervene in a suit affecting the parent-child
relationship.  Act of April 20, 1995,
74th Leg., R.S., ch. 20, ' 1, amended by Act of June 18,
1999, 76th Leg., R.S., ch. 1048, ' 2 & Act of
June 18, 2005, 79th Leg., R.S., ch. 916, ' 3 (current
version at Tex. Fam. Code Ann. ' 102.004(b)
(Vernon Supp. 2005)).








Edaena contends the trial court erred in
failing to dismiss the intervention because the grandparents failed to show
there was a significant question concerning the physical and emotional health of
the children.  The trial court denied
Edaena=s motion to
dismiss the intervention, finding that the grandparents had standing to
intervene.  Although the Family Code
requires a showing of impairment of the children=s physical or
emotional health for the grandparents to file an original suit affecting the
parent-child relationship, at the time the grandparents filed their petition,
intervenors in a suit affecting the parent-child relationship did not need to
show standing sufficient to institute a suit in their own right.   Therefore, at the time the grandparents
filed their intervention, they did not have to show standing sufficient to
institute a suit in their own right to intervene in a pending suit affecting
the parent-child relationship.  See
Chavez v. Chavez, 148 S.W.3d 449, 456 (Tex. App.CEl Paso 2004, no
pet.); see also Young v. Young, 693 S.W.2d 696, 698 (Tex. App.CHouston [14th
Dist.] 1985, writ dism=d) (AA grandparent=s intervention
under these circumstances may enhance the trial court=s ability to
adjudicate the cause in the best interests of the child.@).  In this case, the grandparents testified they
kept the children during Reynaldo=s visitation
periods and when Edaena traveled with Manuel Troncoso.  Further, Edaena has not challenged the fact
that the grandparents had substantial past contact with the children.  Therefore, the trial court did not abuse its
discretion in permitting the grandparents to intervene in the divorce
proceeding in which managing conservatorship was an issue.  See Chavez, 148 S.W.3d at 456; Segovia-Slape
v. Paxson, 893 S.W.2d 694, 696 (Tex. App.CEl Paso 1995, no
writ).  Edaena=s second issue is
overruled.

Sufficiency of the Evidence

In
her first issue, Edaena argues the trial court erred by appointing the
grandparents as joint managing conservators with primary physical possession of
the children.  Edaena contends there was
no evidence or insufficient evidence to rebut the parental presumption under
section 153.131 of the Family Code.  See
Tex. Fam. Code Ann. ' 153.131 (Vernon
2002).








We review a trial
court=s determination of
conservatorship for an abuse of discretion. 
Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982).  Under the abuse of discretion standard, a
challenge to the legal and factual sufficiency of the evidence is not an
independent ground of error, but is merely a factor in assessing whether the
trial court abused its discretion.  See
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991).  In determining a legal insufficiency issue, we
are to consider only the evidence and inferences that tend to support the
finding and disregard all evidence and inferences to the contrary.  Bradford v. Vento, 48 S.W.3d 749, 754
(Tex. 2001).  Anything more than a
scintilla of evidence is legally sufficient to support the finding.  Leitch v. Hornsby, 935 S.W.2d 114, 118
(Tex. 1996).  More than a scintilla of
evidence exists if the evidence furnishes some reasonable basis for differing
conclusions by reasonable minds about the existence of a vital fact.  Rocor Int=l, Inc. v. Nat=l Union Fire Ins.
Co. of Pittsburgh, PA, 77 S.W.3d 253, 262 (Tex. 2002).  We review a trial court=s findings for
factual sufficiency by the same standards used in reviewing jury answers.  See Ortiz v. Jones, 917 S.W.2d 770,
772 (Tex. 1996).  We consider all the
evidence and set aside the findings only if they are so contrary to the
overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust.  Cain v. Bain, 709 S.W.2d
175, 176 (Tex. 1986).  In addressing
these overlapping standards of review, we first determine whether the trial
court had sufficient information to exercise its discretion, then we determine
whether the court abused its discretion. 
See Chavez, 148 S.W.3d at 456.

If a non-parent and a parent are both
seeking managing conservatorship of a child, the Family Code prohibits a court
from appointing the non-parent Aunless the court
finds that appointment of the parent or parents would not be in the best
interest of the child because the appointment would significantly impair the
child=s physical health
or emotional development.@  Tex. Fam. Code Ann. ' 153.131.  This creates a strong presumption in favor of
parental custody and imposes a heavy burden on a non-parent.  Lewelling v. Lewelling, 796 S.W.2d
164, 167 (Tex. 1990).  The non-parent
must show by a preponderance of the evidence that appointment of the parent as
managing conservator would significantly impair the children, either
physically or emotionally.  The Family
Code requires the non-parent to offer evidence of specific actions or omissions
of the parent, or parents,  that demonstrate
an award of custody to the parent would result in physical or emotional harm to
the child.  Id.








In this case, there is specific evidence
showing that if the children remained with Edaena, their physical and emotional
health would be significantly impaired. 
Edaena acknowledged that she violated the court=s temporary orders
by living with Troncoso.  She admitted it
was not good for her children to see her sleeping with a man to whom she was
not married, but she claimed she would not have lived with him if she could afford
her own home.  Edaena  moved out of Troncoso=s house and into
her own apartment, but admitted she did so only to comply with the court=s order and would
move back in with Troncoso when the divorce was final.  In an in camera hearing, the oldest
daughter told the trial court that Troncoso may have spanked her younger
brothers.  The oldest son told the court
he would not live with his mother because Troncoso beat him, and his mother did
not do anything to help.  The oldest son
also said that his mother spanked him with a garden hose.

Carolyn Holley, who completed the social
study investigation in this case, testified there were indications Troncoso hit
or whipped some or all of the three younger children.  She testified that on one of the occasions
she met with Edaena, the children were Atotally out of
control.@  Holley testified the children appeared
physically healthy but not mentally or emotionally.  She testified that all the children have
issues with Troncoso and their mother. 
Edaena told Holley that the last time her oldest son was in her home,
Troncoso placed his hands on the boy=s shoulders, led
him out of the door, and told him to get out of his house.  Holley testified that Edaena did not listen
to the children=s complaints about Troncoso and did not
address the situation with the children or with Manual.  She also said the children were well behaved
when she observed them around the grandparents, and she recommended the
grandparents as primary custodians.

Based on our review of the evidence, we
conclude the trial court had sufficient information to exercise its discretion
and did not abuse its discretion in appointing the grandparents as joint
managing conservators with primary physical possession.  We overrule Edaena=s first issue.

Child Support
Arrears








In her third issue, Edaena argues the
trial court erred by failing to enter a judgment against Reynaldo for temporary
child support arrears and by precluding her from collecting those arrears in
the future.  Under the temporary orders,
Reynaldo was obligated to pay Edaena $450 per month.  On March 30, 2003, Edaena filed a motion to
enforce for Reynaldo=s failure to pay child support under the
temporary orders.  The trial court set a
hearing date of May 5, 2003 for the motion for enforcement, but we have no
record either of a hearing if one was held, or the trial court=s ruling on the
request for arrearage, if any.  At trial,
Edaena testified that the trial court ordered Reynaldo to begin making
temporary child support payments on May 5, 2003 and that Reynaldo had made such
payments up to the date of trial.  Edaena
also testified that she requested the trial court to enter judgment on the
temporary child support arrearage of $4,257.85.

When announcing its judgment, the trial
court stated, Athere=s not a Motion for
Enforcement that will survive this rendition today.@  Edaena made no objection to the trial court=s statement.  Edaena presented no other evidence at trial
regarding the arrearage, nor did she file a subsequent motion for
enforcement.  Further, this court has no
record of the hearing that was held on Edaena=s original motion
for enforcement.  Without a record of the
evidence before the trial court at the time the motion was filed or a record of
the trial court=s ruling, we cannot determine how the
trial court originally ruled on Edaena=s request for an
arrearage.  Because Edaena failed to
timely object to the trial court=s statement or to
file a subsequent motion for enforcement, Edaena has not preserved this issue
for review.  See Tex. R. App. P. 33.1(a).  








Even if Edaena preserved error, the trial
court did not abuse its discretion in failing to render judgment for the
temporary support arrearage and in precluding her from seeking further
enforcement of the temporary child support. 
We review a trial
court=s determination of child support for
an abuse of discretion.  Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990). 
In the divorce decree, the trial court discharged all obligations on the
temporary orders and specifically struck a provision that would permit
independent enforcement.  The provisions
of the Family Code contemplate that the trial court has the authority to issue
temporary orders separate and apart from the divorce decree.  Tex.
Fam. Code Ann. ' 6.502 (Vernon Supp. 2005). 
The rendition of a final divorce decree does not in itself nullify any
temporary order with respect to payments past due.  Ex parte Shaver, 597 S.W.2d 498, 500
(Tex. Civ. App.CDallas 1980, orig. proceeding).  The decree supersedes the temporary order
with respect to future support, but the obligation for past support, as fixed
by the temporary order, continues unless modified by the provisions of
the divorce decree.  Shaver, 597
S.W.2d at 500.  In this case, the
trial court modified the obligation for past support through the divorce
decree.  Because it is within the court=s discretion to
modify the temporary orders, we conclude the trial court did not abuse its
discretion in discharging the temporary obligations.  See id.  Accordingly, we overrule Edaena=s third issue.

The Grandparents= Lien

In her fourth issue, Edaena argues the
trial court erred in recognizing and rendering a judgment on a lien presented
by the grandparents because the grandparents did not include the lien in their
pleadings and because there is insufficient evidence showing the lien is
valid.  The final decree of divorce
included a paragraph, which stated, AIt is ordered,
adjudged, and decreed by the Court that an M&M lien of $44,197.32 is
impressed upon the entire ten-acre tract due and payable to [the grandparents].@

Reynaldo testified that the grandparents
had aided both parties financially from the beginning of their marriage.  On May 12, 2003, the grandparents filed a
mechanic=s and materialman=s lien against the
parties= property seeking
reimbursement in the amount of $44,197.32. 
The lien reflects it is for labor and materials furnished in the
construction and improvement of the house and water well, and clearing the
tract of land.








The Family Code requires the trial court
to order a division of the estate in a manner the court deems just and right,
having due regard for the rights of each party. 
Tex. Fam. Code Ann. ' 7.001 (Vernon
1998).  The trial court has wide
discretion in dividing the property and debts of spouses upon divorce.  See Schlueter v. Schlueter, 975 S.W.2d
584, 589 (Tex. 1998).  The Family Code
further permits a grandparent to intervene in a divorce action for the purpose
of seeking conservatorship.  Tex. Fam. Code Ann. ' 102.004(b).  The Family Code, however, does not permit a
grandparent to intervene in a divorce action for the purpose of enforcement of
a mechanic=s and materialman=s lien.  There is no provision in the Family Code that
permits grandparents to intervene in the division of property.  Further, a mechanic=s and materialman=s constitutional
lien is self‑executing as between the contractor and the owner and is enforceable
against the owner without being filed of record.  Irving Lumber Co. v. Alltex Mortg. Co.,
446 S.W.2d 64, 72 (Tex. Civ. App.CDallas 1969), aff=d, 468 S.W.2d 341
(Tex. 1971).  Therefore, the trial court
abused its discretion in Aimpressing@ the mechanic=s and materialman=s lien on the
property.  Edaena=s fourth issue is
sustained.

The judgment of the trial court is
modified to delete the paragraph impressing a mechanic=s and materialman=s lien on the
parties= property.  The remainder of the judgment is affirmed as
modified.

 

 

 

 

/s/      Leslie
Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed November 23, 2005.

Panel consists
of Justices Yates, Anderson, and Hudson.