# NO. 12-18-00213-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *B.G.B, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*

Relator B.G.B., Jr. filed this petition for writ of habeas corpus, contending in five issues that Respondent's order for contempt is void. We deny the petition.[1]

### BACKGROUND

The underlying suit is a divorce proceeding between B.G.B., Jr. and L.M.B. The parties are the parents of two children, B.T.B. and B.T.B.2.[2] The case proceeded to a seven day jury trial, followed by a four day bench trial. At the conclusion of the jury trial, the jury found that the mother, L.M.B., should be appointed sole managing conservator of the children. On February 16, 2017, the Respondent entered a final decree of divorce ("Final Decree"), granting the parties a divorce, appointing L.M.B. as sole managing conservator, and appointing B.G.B., Jr. as possessory conservator of the children. L.M.B. was granted the exclusive right to designate the primary residence of the children. B.G.B., Jr. was granted "completely supervised" possession of the children one weekend per month, and was ordered to remain in the immediate presence of a supervisor at all times while he was with the children. Further, the Respondent ordered that B.G.B., Jr. be permanently enjoined from

---

[1] The real party in interest is L.M.B. The respondent is the Honorable Randall Rogers, Judge of the County Court at Law No. 2, Smith County, Texas.

[2] Both children have the same initials. We will refer to the younger child as B.T.B.2.

(1) Passing any notes or written communication to either child or the children unless it is through the children's visitation supervisor, [], his agents or any other agreed-upon supervisor, first, with a copy for [L.M.B.], to be provided to her by [B.G.B., Jr.] in advance by way of Our Family Wizard.[3]

(2) Engaging in any manner whatsoever in any electronic, video or audio communication with the children, [B.T.B. and B.T.B.2], other than during his periods of possession and under the supervision of [the visitation supervisor], his agents or any other agreed-upon supervisor.

(3) In the event either [B.T.B. or B.T.B.2] attempts to or does initiate any kind of verbal or other form of communication with [B.G.B., Jr.] at any time other than during his periods of supervised possession, [B.G.B., Jr.] is enjoined from responding to such communication and is hereby ORDERED to notify [L.M.B.] via Our Family Wizard within 24 hours of receiving such communication from a child of the fact that he received such communication, and the manner of same.

Respondent held six days' worth of hearings from November 16, 2017 to April 10, 2018,[4] on B.G.B., Jr.'s and L.M.B.'s applications for temporary orders. On April 9, 2018, L.M.G. filed a first amended motion for enforcement of possession or access against B.G.B., Jr., arguing that he violated the divorce decree's permanent injunction. The motion listed the violations committed by B.G.B., Jr. as follows:

(1) 155 telephone calls placed by B.T.B.2 to B.G.B., Jr. and/or from B.G.B., Jr. to B.T.B.2;

(2) 144 telephone calls placed by B.T.B.2 to B.G.B., Jr. who failed to advise L.M.B. by Our Family Wizard within twenty-four hours of receiving the communication initiated by B.T.B.2;

(3) Nineteen emails that B.G.B., Jr. sent, received, and responded to with B.T.B.2; and

(4) Five emails that B.T.B.2 sent to B.G.B., Jr. who failed to advise L.M.B. by Our Family Wizard within twenty-four hours of receiving the communication initiated by B.T.B.2.

On July 9, 2018, Respondent held a hearing on L.M.B.'s first amended motion for enforcement. At the conclusion of the hearing, Respondent found that B.G.B., Jr. violated the divorce decree's injunction on "every single allegation" and held him in contempt of court. Respondent entered an order holding B.G.B., Jr. in contempt, found that he violated the divorce

---

[3] Our Family Wizard is a website that is designed to facilitate communications between divorced or separated parents with features such as a co-parenting calendar, message board, expense log, and info bank. *See* THE OUR FAMILY WIZARD WEBSITE REVIEW, https://www.ourfamilywizard.com/about-us/OFW-review-for-parents.

[4] B.T.B. turned eighteen years of age between the first amended petition to modify the parent-child relationship and the first hearing on November 16, 2017.

decree's permanent injunction, found that he committed 325 violations of the permanent injunction, assessed his punishment at confinement for a period of 140 days for each violation, and found that each period of confinement assessed be run, and satisfied, concurrently. This proceeding followed, and on August 2, 2018, this court granted B.G.B., Jr.'s request for release on bond pending final resolution of this proceeding.

## AVAILABILITY OF HABEAS CORPUS

Habeas corpus is available to review a contempt order entered by a lower court confining a contemnor. *Ex parte Gordon*, 584 S.W.2d 686, 687–88 (Tex. 1979) (orig. proceeding). An original habeas proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967) (orig. proceeding); *In re Ragland*, 973 S.W.2d 769, 771 (Tex. App.—Tyler 1998, orig. proceeding). Its purpose is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d at 688.

A court will issue a writ of habeas corpus if the order underlying the contempt is void or if the contempt order itself is void. *See Ex parte Shaffer*, 649 S.W.2d 300, 301–02 (Tex. 1983) (orig. proceeding); *Ex parte Gordon*, 584 S.W.2d at 688. The relator bears the burden of showing that the contempt order is void and not merely voidable. *In re Munks*, 263 S.W.3d 270, 272–73 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding). Until the relator discharges his burden, the contempt order is presumed valid. *In re Parr*, 199 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). A contempt order is void if it deprives the relator of liberty without due process of law or if it exceeded the power of the court to issue. *See In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding).

## APPLICABLE LAW

There are two forms of contempt: civil and criminal. A criminal contempt order is punitive in nature and is an exertion of the court's inherent power to punish a party for "some completed act which affronted the dignity and authority of the court." *Ex parte Johns*, 807 S.W.2d 768, 771 (Tex. App.—Dallas 1991, orig. proceeding) (quoting *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976)) (orig. proc.). Criminal contempt orders generally require the individual to be incarcerated for a finite period and that period is unaffected by the individual's performance of

3

any future act. *In re Scariati*, 988 S.W.2d 270, 272 n.1 (Tex. App.—Amarillo 1998, orig. proceeding); *Ex parte Hosken*, 480 S.W.2d 18, 23 (Tex. Civ. App.—Beaumont 1972, orig. proceeding). In criminal contempt proceedings, the contemnor is being punished for his improper actions "and no subsequent voluntary compliance on the part of the defendant can enable him to avoid punishment for his past acts." *Ex parte Johns*, 807 S.W.2d at 771 (quoting *Ex parte Hosken*, 480 S.W.2d at 23). A judge can impose a fine or imprisonment or both in a criminal contempt order. *Id.* The distinguishing feature of criminal contempt is that the penalty is unconditional. *Id.* Respondent's 140-day sentence is a criminal contempt order because it punishes relator for violating the divorce decree's permanent injunction. *See, e.g.*, *In re Scariati*, 988 S.W.2d at 272 n.1 (order was one for criminal contempt because relator was sentenced "to jail for six months for not maintaining health insurance for his children and the sentence was not subject to being reduced upon his obtaining such insurance"). If the confinements separately assessed as punishment for each violation found are to be served concurrently, one valid adjudication of contempt will sustain the period of confinement imposed for the contempt. *Accord*, *Ex parte Grothe*, 581 S.W.2d 296 (Tex. Civ. App.—Austin 1979, orig. proceeding).

## DUE PROCESS REQUIREMENTS

A criminal contempt conviction for violation of a court order requires proof beyond a reasonable doubt of: (1) a reasonably specific order; (2) a violation of the order; and (3) the willful intent to violate the order. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding). "Noncompliance with an unambiguous order of which one has notice will ordinarily raise an inference that the noncompliance was willful." *Id.* at 261. "The involuntary inability to comply with an order is a valid defense to criminal contempt, for one's noncompliance cannot have been willful if the failure to comply was involuntary." *Id.* The relator bears the burden of proving his inability to comply. *Ex parte Hayes*, No. 05-17-00473-CV, 2017 WL 2889047, at *3 (Tex. App.—Dallas July 7, 2017, orig. proceeding) (mem. op.) (citing *Ex parte Chambers*, 898 S.W.2d at 261). "In reviewing the record, we are without jurisdiction to weigh the proof and determine whether it preponderates for or against the relator; rather, we determine only if the judgment is void because, for example, the relator has been confined without a hearing or with no evidence of contempt to support his confinement." *Ex parte Chambers*, 898 S.W.2d at 259–60.

4

In his second issue, B.G.B., Jr. argues that the order for contempt is void because he was never served with a show cause order giving him full and complete notification and a reasonable opportunity to meet the charges by way of defense or explanation.

**Applicable Law**

Section 157.061(a) provides that "[o]n filing a motion for enforcement requesting contempt, the court shall set the date, time, and place of the hearing and order the respondent to personally appear and respond to the motion." TEX. FAM. CODE ANN. § 157.061(a) (West 2014). However, as a predicate to presenting a complaint on appeal, the complaining party must have preserved the error at trial by a proper request, objection, or motion stating the grounds for the ruling that the party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, and then securing a ruling on the request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1)(A), (2).

**Analysis**

The record shows that L.M.B.'s First Amended Motion for Enforcement was filed on April 9, 2018, and B.G.B., Jr. filed a motion for continuance on April 19, 2018, stating that the motion was set for hearing on April 20, 2018. After a hearing on April 20, Respondent reset the hearing on the motion for enforcement for May 21, 2018. That hearing date, May 21, was cancelled and the hearing on L.M.B.'s motion for enforcement, among others, was reset for July 9, 2018. On the date of the hearing, B.G.B., Jr. filed a first amended answer and brief regarding the motion for enforcement. The hearing transcript shows, and the subsequent order for contempt recites, that B.G.B., Jr. was present for the hearing.

B.G.B., Jr.'s appearance at, and participation in, the contempt hearing purged any procedural irregularity in the service of process. *See* ***Ex parte Linder***, 783 S.W.2d 754, 758-59 (Tex. App.—Dallas 1990, orig. proceeding) (holding that by appearing at and participating in the contempt hearing, the accused waived any complaint he had regarding the irregularity of service of process). Additionally, B.G.B., Jr. waived this issue because he did not object to the absence of a show cause order or lack of proper notice in his response to the motion for enforcement or during any of the hearings. *See* TEX. R. APP. P. 33.1(a)(1)(A). Accordingly, we overrule B.G.B., Jr.'s second issue.

5

## FAILURE TO DETERMINE INCARCERATION
## OR RIGHT TO REPRESENTATION BY COUNSEL

In his first issue, B.G.B., Jr. contends that the order for contempt is void because Respondent failed to determine if incarceration was a possible result and failed to inform him of his right to representation by counsel.

### Applicable Law

Section 157.163(a) provides that in a motion for enforcement, the court must first determine whether incarceration of the respondent is a possible result of the proceedings. TEX. FAM. CODE ANN. § 157.163(a) (West Supp. 2018). If the court determines that incarceration is a possible result of the proceedings, the court shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney. *Id.* § 157.163(b) (West Supp. 2018).

### Analysis

The record shows that during the April 20, 2018, hearing on L.M.B.'s motion for enforcement, among other motions filed in the case, was due to be heard. However, Respondent decided to hear B.G.B., Jr.'s motion for continuance first. After denying the motion for continuance, Respondent stated "where [B.G.B., Jr. faces] a potential of going to jail for criminal conduct, [he has] the right to have a lawyer." Moreover, Respondent stated that if B.G.B., Jr. were indigent, he could have an attorney appointed. At various times during the hearing, Respondent said that he cautioned B.G.B., Jr. several times during previous hearings that he needed a lawyer and that he opened the door to "various things" that were not relevant to the case. Further, Respondent noted that he was "convinced that [the enumerated items that caused him to warn B.G.B., Jr. about his Fifth Amendment rights could] lead to criminal confinement based on statements that [B.G.B., Jr.] made over the temporary orders [hearings.]" Because Respondent determined that incarceration was a possible result of these proceedings and advised B.G.B., Jr. of his rights to be represented by an attorney, B.G.B., Jr. was not denied due process of law. *See In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding); TEX. FAM. CODE ANN. § 157.163(a), (b).

B.G.B., Jr. contends, however, that the April 20, 2018, hearing on his motion for continuance does not constitute proper admonishment regarding the motion for enforcement. We note that the motion for enforcement hearing was to be held on that date, but Respondent decided

to hear B.G.B., Jr.'s motion for continuance first. There is no requirement that the proper notification be given on the date of the actual hearing. We overrule B.G.B., Jr.'s first issue.

**LIMITATION OF TIME TO PRESENT DEFENSE**

In his third issue, B.G.B., Jr. argues that the order for contempt is void because Respondent limited his time to present a defense to thirty minutes.

**Applicable Law**

Every trial court has the inherent power to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. *State v. Gaylor Inv. Trust P'ship*, 322 S.W.3d 814, 819 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.—Houston [14th Dist.] 1997, pet. denied)). The trial court's inherent power, together with applicable rules of procedure and evidence, accord trial courts broad, but not unfettered, discretion in handling trials. *See id.* Further, according to Rule 611 of the Texas Rules of Evidence, the trial court has the authority to exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment. *See* TEX. R. EVID. 611(a).

**Analysis**

On the date of the hearing, the amicus attorney filed a brief in support of setting time limits, stating that the prior proceedings involved an eight-day jury trial with an additional two to three days of a bench trial, and six temporary hearings from December 2017 to April 10, 2018, during which B.T.B.2 testified in open court and in chambers on two separate dates. According to the motion, B.G.B., Jr.'s current motions include some issues and arguments that are "just a rehash" of the issues he has not prevailed on before a jury and two separate judges. The amicus attorney stated that setting a time limit on B.G.B., Jr. and all parties for each of the pending motions is proper and necessary because B.G.B., Jr. continues to be "merely repetitive in his arguments and evidence and vindictive in his motion[s] and litigation."

The evidence shows that Respondent held hearings on B.G.B., Jr.'s application for temporary orders on November 16, 2017, December 7, 2017, December 8, 2017, January 2, 2018, April 9, 2018, and April 10, 2018, a total of six hearings. During some of these hearings, B.G.B., Jr. testified regarding his compliance, or lack thereof, with the divorce decree's injunction. Further,

7

B.G.B., Jr. refused to answer questions from L.M.B.'s attorney regarding violations of the injunction, asserting his Fifth Amendment right against self-incrimination. He also entered numerous exhibits into evidence and cross-examined L.M.B. Because Respondent has the inherent power to control the disposition of cases on his docket and to avoid wasting time, it was not unreasonable for Respondent to impose time limits on all parties for the motion for enforcement. *See Gaylor Inv. Trust P'ship*, 322 S.W.3d at 819; TEX. R. EVID. 611(a). We overrule B.G.B, Jr.'s third issue.

## INSUFFICIENT PLEADING

In his fourth issue, B.G.B., Jr. contends that the order for contempt is void because the motion for enforcement failed to notify him of violations and the violations were insufficiently pleaded to provide notice. Further, he argues Respondent found him in contempt for all 300 violations, plus an additional 26 violations not pleaded by L.M.B., and found him in contempt for violations committed by acts of B.T.B.2, thus finding him in contempt twice for the same alleged violations.

In this case, B.G.B., Jr. did not file any special exceptions requesting further notice of the violations filed against him. *See Ex parte Occhipenti*, 796 S.W.2d 805, 810 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding); *Ex parte Stephens*, 734 S.W.2d 761, 762 (Tex. App.—Fort Worth 1987, orig. proceeding); *Ex parte Blackmon*, 529 S.W.2d 570, 573 (Tex. Civ. App.—Houston [1st Dist.] 1975, orig. proceeding). It is well established that any "defect, omission or fault in a pleading either in form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account." TEX. R. CIV. P. 90. Upon reviewing the record, we find no special exceptions proffered by B.G.B., Jr. Nor did he complain about the alleged lack of specificity or notice in his first amended answer and brief. Therefore, B.G.B., Jr.'s complaint that the motion for enforcement lacked specificity is waived because he failed to properly object in the trial court. *See Ex parte Stephens*, 734 S.W.2d at 762.

Even if he did not waive this issue, B.G.B., Jr.'s argument still fails. First, he contends that the motion for enforcement did not state the manner of his noncompliance, failed to identify the provision of the order allegedly violated and sought to be enforced, and failed to state the date,

place, and time of each noncompliance. Section 157.002 of the Texas Family Code provides that a motion for enforcement must, among others, identify the provision of the order allegedly violated and sought to be enforced, and state the manner of the respondent's alleged noncompliance. TEX. FAM. CODE ANN. § 157.002(a) (West 2014). Further, a motion for enforcement of the terms and conditions of conservatorship or possession of or access to a child must include the date, place, and, if applicable, the time of each occasion of the respondent's failure to comply with the order. *Id.* §157.002(c) (West 2014). A respondent may be found in contempt only for violations that are specifically pled in the motion for enforcement under Section 157.002. *See **In re Office of the Atty. Gen.***, 422 S.W.3d 623, 630 (Tex. 2013).

In her first amended motion for enforcement, L.M.B. identified the provision of the divorce decree's injunction that she alleged B.G.B., Jr. violated and reproduced that paragraph from the divorce decree's injunction in her motion. In each violation that she alleged, she stated that "[B.G.B., Jr.] has violated the order of the Court described above." Further, she alleged that B.G.B., Jr. violated the order because B.T.B.2 placed telephone calls to B.G.B., Jr. and/or B.G.B., Jr. placed telephone calls to B.T.B.2; B.G.B., Jr. failed to advise L.M.B. via Our Family Wizard within 24 hours of receiving telephone communications from B.T.B.2 that the child initiated contact with him; B.G.B., Jr. engaged in sending, receiving and responding to emails with B.T.B.2; and B.G.B., Jr. failed to advise L.M.B. via Our Family Wizard within 24 hours of receiving email communications from B.T.B.2 that the child initiated contact with him. Moreover, L.M.B. listed the date, time, initiator, and duration of each telephone call that she alleged in her motion, and provided a copy of each email communication that she alleged violated the order along with the date, time, initiator, subject line, and summary of each email. From this evidence, it is clear that L.M.B.'s motion for enforcement identified the manner of B.G.B., Jr.'s noncompliance, identified the provision of the order allegedly violated, and stated the date, place, and time of each occasion of his noncompliance. *See* TEX. FAM. CODE ANN. § 157.002(a), (c).

Next, we must determine whether B.G.B., Jr. violated the divorce decree's injunction and whether he willfully intended to violate the order. *See **Ex parte Chambers***, 898 S.W.2d at 259. He does not complain that the order itself was not reasonably specific. *See **id.*** In our review of the record, we determine only if the judgment is void because the relator has been confined with no evidence of contempt to support his confinement. *See **id.*** at 259–60. Further, B.G.B., Jr. bears the burden of proving his inability to comply with the order. *See **Ex parte Hayes***, 2017 WL

9

2889047, at *3. The evidence shows that in a hearing on January 2, 2018, B.G.B., Jr. was cross-examined by L.M.B.'s attorney. He was presented with an exhibit containing a list of telephone calls or texts from B.T.B.2 to him. B.G.B., Jr. admitted that B.T.B.2 texted him and that he responded to one text, telling him to "be patient." He also admitted that B.T.B.2 initiated contact with him on a regular basis and, "as a loving father, [he] came to [B.T.B.2's] aid and told him to hang in there and be – that he is loved." B.G.B., Jr. admitted that on October 11, 2017, B.T.B.2 initiated a telephone call to him and they spoke for thirteen minutes (violation number 30). He also admitted that he spoke to B.T.B.2 on November 7, 2017 for ten minutes (violation number 81), November 8, 2017 for eight minutes (violation number 83), November 9, 2017 for thirteen minutes (violation number 84), and November 11, 2017, for twelve minutes (violation number 85).

We note that the divorce decree's injunction specified that in the event B.T.B.2 attempts to or does initiate any kind of verbal or other form of communication with B.G.B., Jr. at any time other than during his periods of supervised possession, B.G.B., Jr. is enjoined from responding to such communication. Here, there is evidence beyond a reasonable doubt to support at least five violations of the divorce decree's injunction because B.G.B., Jr. responded to the telephone calls initiated by B.T.B.2 and admitted that he responded to at least one text message initiated by B.T.B.2. At no point does B.G.B., Jr. state or imply his inability to comply with the order. Because B.G.B., Jr.'s assessments of punishment is to be served concurrently, only one valid adjudication of contempt is needed to sustain the period of confinement imposed for the contempt. *See accord*, ***Ex parte Grothe***, 581 S.W.2d 296. Therefore, we conclude that there is proof beyond a reasonable doubt that B.G.B., Jr. violated the divorce decree's injunction and willfully intended to violate the order. *See **Ex parte Chambers***, 898 S.W.2d at 259. We overrule B.G.B., Jr.'s fourth issue.

### CONSTRUCTIVE CONTROL

In his fifth issue, B.G.B., Jr. argues that the order for contempt is void because L.M.B. allowed contact between him and B.T.B.2., thus relinquishing "constructive" control of the child.

Section 157.007 provides that the "respondent may plead as an affirmative defense to contempt for failure to comply with an order for possession or access to a child that the movant voluntarily relinquished actual possession and control of the child." TEX. FAM. CODE ANN. § 157.007(a) (West 2014). The issue of the existence of an affirmative defense to a motion for enforcement does not arise unless evidence is admitted supporting the defense. *Id.* § 157.006(a)

(West 2014). The respondent must prove the affirmative defense by a preponderance of the evidence. *Id.* § 157.006(b) (West 2014).

We review de novo issues of statutory construction. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent, which is determined by the language of the statute itself. TEX. GOV'S CODE ANN. § 312.005 (West 2013); *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631-32 (Tex. 2008). If a statute is unambiguous, we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results. *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). We further consider statutes as a whole rather than their isolated provisions. *Id.*

Here, we need not consider B.G.B., Jr.'s argument regarding "constructive" possession because the statute's unambiguous language states that L.M.B. must have "voluntarily relinquish[ed] *actual* possession or control" of B.T.B.2. *See* TEX. FAM. CODE ANN. § 157.007(a) (emphasis added); *TGS–NOPEC Geophysical Co.*, 340 S.W.3d at 439. In his brief, B.G.B, Jr. admits that L.M.B. did not relinquish actual possession or control of B.T.B.2 to him. Instead, he contends that L.M.B. relinquished "constructive" control of the child because she allowed "unfettered" communication between them. Nor does he argue that L.M.B. "voluntarily" relinquished such possession or control. Because L.M.B. did not voluntarily relinquish actual possession and control of the child, B.G.B., Jr. could not plead an affirmative defense for failure to comply with the divorce decree's injunction. *See* TEX. FAM. CODE ANN. § 157.007(a). Accordingly, we overrule B.G.B., Jr.'s fifth issue.

## CONCLUSION

Having overruled all of B.G.B., Jr.'s issues, we *deny* his petition for writ of habeas corpus. We *remand* B.G.B., Jr. to the custody of the Sheriff of Smith County to serve the remainder of the sentence ordered by the trial court for B.G.B., Jr.'s contempt.

BRIAN HOYLE
Justice

Opinion delivered May 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

11



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2019**

**NO. 12-18-00213-CV**

**B.G.B., JR.,**
Relator
V.

**HON. RANDALL L. ROGERS,**
Respondent

---

**ORIGINAL PROCEEDING**

---

ON THIS DAY came to be heard the petition for writ of habeas corpus filed by **B.G.B., Jr**.; who is the relator in appellate cause no. 12-18-00213-CV and a party in trial court cause no. 17-2443-F, pending on the docket of the County Court at Law No. 2 of Smith County, Texas. Said petition for writ of habeas corpus having been filed herein on July 31, 2018, and the same having been duly considered, it is the opinion of this Court that Relator's petition for writ of habeas corpus shall be **denied.**

It is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of habeas corpus be, and the same is, hereby **denied**, and that Relator, **B.G.B., Jr**., is forthwith remanded to the custody of the Sheriff of Smith County, Texas, to be confined as ordered and directed by the judgment of contempt signed by the Judge of the County Court at Law No. 2 of Smith County, Texas, on the 11th day of July, 2018. All costs are hereby adjudged against the Relator, **B.G.B., Jr.**

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*