### In the Interest of R.F.G. and R.G.G.

No. 05–08–00285–CV.

Court of Appeals of Texas, Dallas.

April 3, 2009.

Jimmy L. Verner, Jr., Verner & Brumley, Dallas, TX, for Appellant.

Richard F. Garza, Dallas, TX, pro se.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion by Justice WRIGHT.

Mother of the minor children R.F.G. and R.G.G. appeals from the trial court's order clarifying a divorce decree. In six issues, Mother asserts generally that the trial court erred in determining the divorce decree was ambiguous and clarifying provisions regarding child support, debt division, and property division. We sustain Mother's first, second, fifth, and sixth issues, reverse the trial court's order with respect to the child support provisions and the award of the king-sized bed, and modify the order with respect to the division of debts. We remand this case to the trial court to calculate the child support arrearages in accordance with this opinion. In all other respects, we affirm the trial court's order.

### Background

The trial court rendered an agreed final divorce decree on April 24, 2007. Subsequently, Mother filed a motion for clarification of the property division. She sought to clarify the debt division to provide that Father is responsible for one-half of the mortgage payments on the marital residence. Father filed a motion for enforcement and clarification. He sought enforcement of the property division, claiming that Mother had refused to allow him to recover the property awarded to him. He also sought clarification of the child support provision claiming that all direct payments made by him to Mother during the pendency of the divorce applied to child support obligations incurred since the divorce decree. After conducting a hearing on the parties' motions, the trial court ordered that Father's direct payments to Mother during the pendency of the divorce apply to all child support payments whether incurred prior to or after the divorce decree, Mother is responsible for the en-

tire mortgage payments on the marital residence, and Father must pay Mother $1,194.00 for the king-sized bed awarded to him as his separate property under the divorce decree. This appeal timely followed.

## Child Support Payments

In her first two issues, Mother contends the trial court erred in determining that the child support provisions in the agreed divorce decree were ambiguous and in ordering that payments made to Mother during the pendency of the divorce apply to child support obligations ordered in the divorce decree. Mother contends the trial court essentially deprived the children of ten months' child support.

Section 157.421 of the Texas Family Code permits a trial court to clarify a previous child support order by rendering an order that is specific enough to be enforced by contempt. TEX. FAM.CODE ANN. § 157.421(b) (Vernon 2008). However, a court may not change the substantive provisions of an order. TEX. FAM.CODE ANN. § 157.423(a) (Vernon 2008). A substantive change made through a clarification order is unenforceable. TEX. FAM. CODE ANN. § 157.423(b) (Vernon 2008). The only basis for clarifying a prior decree is when a provision is ambiguous. *Bina v. Bina,* 908 S.W.2d 595, 598 (Tex.App.-Fort Worth 1995, no writ). Whether a divorce decree is ambiguous is a question of law subject to de novo review. *Shanks v. Treadway,* 110 S.W.3d 444, 447 (Tex.2003).

An agreed divorce decree is a contract subject to the usual rules of contract construction. *See McGoodwin v. McGoodwin,* 671 S.W.2d 880, 882 (Tex. 1984). We construe divorce decrees, like judgments, as a whole to harmonize and give effect to the entire decree. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). Our primary concern in interpreting a con-

tract is to ascertain the true intent of the parties. *Heritage Res., Inc. v. Nations-Bank,* 939 S.W.2d 118, 121 (Tex.1996); *Zurich Am. Ins. Co. v. Hunt Petroleum (AEC), Inc.,* 157 S.W.3d 462, 465 (Tex. App.-Houston [14th Dist.] 2004, no pet.). If, when read as a whole, the divorce decree's terms are unambiguous, we must give effect to the order in light of the actual language used. *Coker,* 650 S.W.2d at 393. On the other hand, if the divorce decree's terms are ambiguous, that is, subject to more than one reasonable interpretation, we must review the record along with the decree to aid in interpreting the judgment. *Id.*

The rendition of a final divorce decree does not in itself nullify any temporary order with respect to payments past due. *In re Gonzalez,* 993 S.W.2d 147, 157 (Tex.App.-San Antonio 1999, no pet.); *Ex parte Shaver,* 597 S.W.2d 498, 500 (Tex. Civ.App.-Dallas 1980, orig. proceeding). It supersedes the temporary order with respect to future support, but the obligation for past support, as fixed by the temporary order, continues unless modified by the provisions of the divorce decree. *Shaver,* 597 S.W.2d at 500. The rendition of the divorce decree is not inconsistent with a continuing obligation to make payments that are past due under the temporary order. *Id.*

The divorce decree provisions relating to child support and pertinent to our discussion are as follows:

*Child Support*

IT IS ORDERED that [Father] is obligated to pay and shall pay to [Mother] child support of $1,500.00 per month, with the first payment being due and payable on April 1, 2007 and a like payment being due and payable on the 1st day of each month thereafter ...

* * *

*Withholding from Earnings*

* * *

It is further noted that the Child Support Order entered into by the parties was formally amended by the Rule 11 Agreement which provided that the additional Child Support of $1,000.00 was vacated. Accordingly, it is ORDERED AND DECREED that the child support in the amount of $1,500.00 per month was to commence on July 1, 2006 and that [Father] will be given credit for all child support payments made directly to [Mother] since the commencement of this suit. It is further ORDERED AND DECREED that the additional Child Support payment of $1,000.00 per month pursuant to the Temporary Orders be vacated.

*Payment*

IT IS ORDERED that all payments shall be made through the Texas Child Support Disbursement Unit at P.O. Box 659791, San Antonio, Texas 78265–9791, and then remitted by that agency to [Mother] for the support of the children. . . .

* * *

*Miscellaneous Child Support Provisions*

*No Credit for Informal Payments*

IT IS ORDERED that the child support as prescribed in this decree shall be exclusively discharged in the manner ordered and that any direct payments made by [Father] to [Mother] or any expenditures incurred by [Father] dur-

ing [Father's] periods of possession of or access to the children, as prescribed in this decree, for food, clothing, gifts, travel, shelter, or entertainment are deemed in addition to and not in lieu of the support ordered in this decree.

At the hearing on the motions to clarify, the parties were still disputing child support payments under the temporary orders. At the hearing, Father asserted that he had paid $33,000.00 directly to Mother. Mother disputed that all of those payments were for child support and insisted that Father had paid only$12,250.00 in child support at the time the divorce decree was rendered.

The child support provisions in the divorce decree provide for monthly child support payments to begin on April 1, 2007. The decree provides how Father is to make those payments and states that informal payments will not count toward his child support obligation.[1] With respect to child support then due and owing under the temporary orders, the trial court addresses this issue in a separate paragraph. In the second above-quoted paragraph in the divorce decree, the trial court acknowledges the child support obligation under the temporary orders providing for payments beginning on July 1, 2006. It is this paragraph that contains the provision giving Father credit for direct payments made to Mother during the pendency of the divorce. This paragraph concerns only the payments due under the temporary orders. Despite the rendition of the final divorce decree, the child support obligations that accrued under the temporary orders continued. *See Shaver,* 597 S.W.2d at 500. Thus, direct payments made by

1. We note that at the hearing, the trial judge said the informal payments provision was boilerplate and that he "will strike it." The trial judge did not strike the provision in the order on the motion to clarify. Moreover, any attempt to do so would be unenforceable because it would have made a substantive change to the decree. *See* Tex. Fam.Code Ann. § 157.423(b) (Vernon 2002).

Father to Mother during the pendency of the divorce are to be applied to the child support payments still owing under the temporary orders.

However, pursuant to the agreed divorce decree, the credit given to Father for direct payments of child support paid to Mother during the pendency of the divorce applied only to his child support obligations that accrued under the temporary orders. The agreed decree states that no informal payments will count toward Father's child support obligation beginning April 1, 2007. In its clarification order, however, the trial court impermissibly expanded the credit given to Father to cover child support payments arising after the agreed divorce decree.[2] Because the child support provisions are unambiguous, the trial court erred in clarifying them and in rendering judgment for the arrearages calculated in accordance with the improper clarification terms.

We sustain Mother's first and second issues.

## Property Division

In issues three and four, Mother contends the trial court erred in determining the division of debt in the decree was ambiguous and in clarifying the decree to

order her responsible for the entire mortgage payment on the marital residence.

In a divorce, a trial court shall divide the parties' marital estate in a manner that the court determines is just and right, having regard for the rights of each party and any children of the marriage. TEX. FAM.CODE ANN. § 7.001 (Vernon 2006). Once the marital estate is divided, a trial court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce. TEX. FAM.CODE ANN. § 9.007(a) (Vernon 2006). An order that amends, modifies, alters, or changes the division of property made or approved in a final decree of divorce is beyond the trial court's power and is unenforceable. TEX. FAM.CODE ANN. § 9.007(b) (Vernon 2006). However, if a court finds that the original form of the division of property is ambiguous or not specific enough to be enforceable by contempt, the court may enter a clarifying order to enforce compliance with the way the property was originally divided. TEX. FAM.CODE ANN. §§ 9.006(a), 9.008(b) (Vernon 2006).

■■ In her first amended motion to clarify, Mother requests that the trial court clarify the decree to specify Father's obligation to pay one-half of the mortgage payments on the marital residence.[3] The

2. In the order on the motion to clarify, the trial court ordered as follows:

IT IS ORDERED, ADJUDGED AND DECREED that [Father] shall receive a credit for all direct payments made to [Mother] from March 28, 2005, to April 24, 2007, for child support obligations incurred since July 1, 2006.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that [Mother] is hereby granted judgment for child support arrearage against [Father], in the amount of $555.00. This judgment is cumulative, and includes all unpaid child support and any balance owed on previously confirmed arrearages or retroactive support judgments owed under the prior orders of this Court, if any, as of the specified date.

3. Mother states in her amended motion to clarify as follows:

Since the entry of [the divorce decree], [Mother] has been obligated to make ten (10) payments in the amount of $4,930.00 each for a total of $34,510.00 as payment on the promissory note and escrow for the marital residence. As [Father] holds a one-half undivided interest in said property, [Mother] is entitled to reimbursement from [Father] in the amount of $17,255.00. As such, [Mother] further requests that the Court specify in its clarifying order the payment obligations imposed on [Father] for past amounts due to [Mother] for his one-half undivided interest in the marital resi-

trial court awarded an undivided one-half interest in the marital residence to each party. Additionally, the trial court awarded Mother the superior right to live in the house until it is sold. As to the division of debts, the trial court ordered in the agreed divorce decree that Mother pay "[a]ll encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to [Mother] in this decree unless express provision is made in this decree to the contrary." The agreed divorce decree did not impose upon Father the obligation to pay any portion of the mortgage payment on the marital residence pending its sale. However, the agreed divorce decree did provide for the parties to sell the house and divide the proceeds from the sale of the house as follows: "the proceeds from the sale of the property will first be applied to satisfy any and all mortgage obligations on the property. Any residual funds shall then be used to satisfy any outstanding Internal Revenue taxes owed by the parties and the remainder divided equally among the parties."

◼ The trial court determined that this provision was not ambiguous and denied the motion as follows:

> IT IS ORDERED, ADJUDGED and DECREED that [Mother's] Motion to Clarify the debt obligation owing on the marital residence ... is DENIED and accordingly [Mother] shall be solely responsible for the balance due, including principal, interest, tax, and insurance escrow, on any and all promissory notes executed by [Mother] and [Father] for the purchase of said real property.

We agree with the trial court's determination that the provision in the decree is unambiguous. However, the trial court denied the motion to clarify the debt obligation and inserted terms different from the decree. The trial court erred in doing so and we, accordingly, strike the language in that paragraph following the word "DENIED." The decree unambiguously sets forth that Mother is responsible for all encumbrances on the property awarded to her. Thus, Mother, who was awarded the superior right to live in the house until it is sold, is responsible for any debts on the house until it is sold.

◼ In her fifth issue, Mother contends the trial court erred in determining that the decree was ambiguous as to whether the king-sized bedframe was awarded to her or Father. She contends in her sixth issue that the trial court erred in clarifying the divorce decree to award the king-sized bed to Father only if he paid $1,194.00 to Mother. In the agreed divorce decree, the trial court awarded to Father the "king-sized bed located in the master bedroom. The bed was the separate property of the [Father]." At the hearing on the motion to clarify, Mother argued that Father owned only the mattress and box spring prior to the marriage and that they purchased the bedframe after they were married. This post divorce decree testimony is irrelevant as to the characterization of the property. The agreed divorce decree awards the king-sized bed to Father as his separate property. A bed is defined as "a piece of furniture on or in which one may lie and sleep often including bedstead, legs or supports, spring, mattress, and bedding." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 195 (1981). The agreed divorce decree awarded the "bed" to Father, not just the mattress and box spring. Therefore, the trial court erred in ordering that Father must now pay for the bed. The trial court is without authority to make a sub-

dence and a reasonable time within which compliance will be required.

stantive change to the decree or change the division of property awarded in the decree. *See* TEX. FAM.CODE ANN. § 9.007(b) (Vernon 2006).

We overrule Mother's fifth issue. We sustain her sixth issue to the extent that we hold the trial court erred in altering the decree's property division by requiring Father to pay for the bed that the decree awarded to him as his separate property.

We reverse the trial court's clarification order with respect to the child support provisions and the king-sized bed. We modify the decree to strike all words after "DENIED" in the paragraph regarding the debt obligations on the house. We remand this case to the trial court to calculate the child support arrearages in accordance with this opinion. In all other respects, we affirm the trial court's order.