COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| STACEY EVERETT, | § | |
| | | No. 08-12-00035-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 158th District Court |
| JAMIE EVERETT, | § | |
| | | of Denton County, Texas |
| Appellee. | § | |
| | | (TC# 2009-20906-158) |
| | § | |

## **O P I N I O N**

Appellant, Stacey Everett, former husband of Appellee, Jamie Everett, appeals from the portion of the trial court's clarifying order of the divorce decree that increased the amount of his spousal maintenance payments to Appellee.[1]  For the following reasons, we reverse and render judgment setting aside the trial court's clarifying order.

### BACKGROUND

On April 15, 2010, Appellant and Appellee entered into a final decree of divorce.   As part of division of the marital estate, Appellee was awarded the residence located at 5 Riviera Ct., Trophy Club, Texas, as her sole and separate property and was given 12 months from the date of the final decree to secure financing to purchase the residence.   The decree further provided that if

---

[1]  As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court.   TEX. R. APP. P. 41.3.

Appellee was unable or unwilling to secure financing to purchase the property, it would be listed for sale.

As part of the debt division of the marital estate, Appellant was ordered to pay all *ad valorem* taxes on the residence awarded to Appellee for a 36-month period. However, Appellant's obligation to continue making payments during that period would end upon Appellee either residing with a member of the opposite sex or getting remarried. The decree also ordered Appellant to pay Appellee spousal maintenance for a 36-month period according to the following schedule: $800 per month for 12 months; $700 per month for months 13-24; and $500 per month for months 25-36. The spousal maintenance provision would terminate early at the death of either party, Appellee's re-marriage, or upon further order by the trial court, including a finding of cohabitation by Appellee.

On May 17, 2011, Appellant filed a petition for enforcement of sale of the residence which he subsequently amended on May 23, 2011. In his first amended petition, Appellant alleged that Appellee failed to comply with the divorce decree because she had not secured financing for the real property. After a hearing on Appellant's first amended petition on July 21, 2011, the trial court ordered that the residence be sold, that the residence be taken off the market if Appellee obtained financing to purchase the home, and that Appellant continue to pay the taxes on the residence for 36 months as provided by the divorce decree. In the event the residence was sold prior to 36 months from the date of entry of the divorce decree, the trial court ordered Appellant to continue to pay Appellee a prorated portion of the taxes due on the residence as a form of spousal support. This payment of taxes to Appellee was to terminate only under the conditions set forth in the divorce decree. A written order was not entered after the hearing as neither party presented

the trial court with an order.

On July 25, 2011, Appellant filed a motion for reconsideration of the trial court's ruling. Appellant maintained the trial court was not authorized to enter a clarification order under section 9.008 of the Texas Family Code and that the trial court's order to increase Appellant's spousal maintenance payment could not be justified as a modification under section 8.057 of the Family Code. TEX. FAM. CODE ANN. § 9.007 (West 2006); TEX. FAM. CODE ANN. § 8.057 (West 2006). After a hearing on January 5, 2012, the trial court denied Appellant's motion for reconsideration and signed the "Order for Hearing Held on July 21, 2011" which was drafted by Appellee. Appellant filed his Notice of Appeal on January 6, 2012.

On January 18, 2012, Appellant filed a Motion to Modify, Correct, or Reform Judgment complaining that the trial court's January 5, 2012 order contained several errors. On February 16, 2012, the trial court entered a corrected order. In relevant part, this order provided:

**Property Taxes Due on the Marital Residence and Post-Divorce Maintenance**

If the marital residence is sold prior to April 15, 2013, [Appellant] is ORDERED to pay to [Appellee], as additional post-divorce maintenance, an amount equal to the portion of the gross sales price which is held back for application against any then-unpaid property taxes on the marital residence, if any. Thereafter, [Appellant] is ORDERED to pay each month to [Appellee], as additional post-divorce maintenance, an amount equal to one-twelfth of the total annual property taxes due on the marital residence. These monthly post-divorce maintenance payments will terminate on the earliest of the following events:

1. April 15, 2013;
2. [Appellee] resides with a member of the opposite sex; or
3. [Appellee] re-marries.

(Emphasis in original). Appellant now appeals the order clarifying his obligations to pay property tax and post-divorce maintenance.

3

**DISCUSSION**

In two issues on appeal, Appellant contends the trial court abused its discretion in entering a clarification order of the divorce decree which increased the amount of his spousal maintenance payments to Appellee.

*Standard of Review and Applicable Law*

A trial court's ruling on a motion for enforcement or clarification of a divorce decree is reviewed under an abuse of discretion standard. *Murray v. Murray*, 276 S.W.3d 138, 143 (Tex. App. – Fort Worth 2008, pet. dism'd); *Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 815 (Tex. App. – Dallas 2008, no pet.). A trial court abuses it discretion when it (1) acts unreasonably, arbitrarily, or without reference to any guiding rules or principles or (2) erroneously exercises its power by making a choice outside the range of choices permitted by law. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *Murray*, 276 S.W.3d at 143. Under the Family Code, a trial court that rendered a divorce decree retains the power to clarify and enforce the decree's property division. TEX. FAM. CODE ANN. §§ 9.002, .008 (West 2006 & Supp. 2013); *Gainous v. Gainous*, 219 S.W.3d 97, 106 (Tex. App. – Houston [1st Dist.] 2006, pet. denied). In a suit to enforce a divorce decree, a trial court possesses continuing jurisdiction to render further orders to enforce the decree's property division, to assist in the implementation of, or to clarify the prior order. TEX. FAM. CODE ANN. § 9.006(a) (West Supp. 2013); *Gainous*, 219 S.W.3d at 106.

**The Validity of the Trial Court's Order**

In Issue One, Appellant asserts the trial court abused its discretion by entering a clarifying order that increased the amount of his spousal maintenance payments to Appellee upon the sale of

the property.   TEX. FAM. CODE ANN. § 9.008 (West 2006).   Appellant contends the trial court exceeded the permissible scope of a clarifying order by converting a responsibility for a community debt into an obligation to pay spousal maintenance.   Under section 9.007 of the Texas Family Code, a trial court is prohibited from amending, modifying, altering, or changing the division of property as finalized in the divorce decree.   TEX. FAM. CODE ANN. § 9.007 (West 2006).   Appellant equates the trial court's conversion of his requirement to pay a community debt to additional spousal maintenance to an alteration of the division of property which is prohibited by law.[2]   TEX. FAM. CODE ANN. § 9.007 (West 2006).

A clarifying order is only permissible when a court finds that the original form of property division is not specific enough to be enforceable by contempt.   TEX. FAM. CODE ANN. § 9.008(b) (West 2006).   Upon a finding of ambiguity, a court may render a clarifying order which sets forth specific terms to enforce compliance with the original division of property.   TEX. FAM. CODE ANN. § 9.008(b) (West 2006).   However, if the trial court enters an order that amends, alters or changes the actual, substantive property division made or approved in the divorce decree, the order is beyond the trial court's power and is unenforceable.   TEX. FAM. CODE ANN. § 9.007(b) (West 2006); *In re W.L.W.*, 370 S.W.3d 799, 803 (Tex. App. – Fort Worth 2012, orig. proceeding); *Gainous*, 219 S.W.3d at 106.

The trial court believed that the intent of the decree was for Appellee to receive the additional financial assistance for 36-months whether in the form of property tax payments or additional spousal maintenance and that its order clarified this intent.   However, converting a debt into spousal maintenance is not merely a clarification, it is a change in the substantive

---

[2]  We note that Appellee did not file a response brief to aid us in consideration of whether or not she was entitled to the trial court's clarification of post-divorce maintenance.

division of property and cannot be enforced under the statute.   TEX. FAM. CODE ANN. § 9.007(b) (West 2006).   *Snodgrass v. Snodgrass*, 332 S.W.3d 653, 659 (Tex. App. – Houston [14th Dist.] 2010, no pet.) (property and debt awarded are both considered part of the property division); *In re R.F.G.*, 282 S.W.3d 722, 728 (Tex. App. – Dallas 2009, no pet.) (a clarifying order amending debt obligation violates the statute).   *See also O'Carolan v. Hopper*, 71 S.W.3d 529, 533 (Tex. App. – Austin 2002, no pet.) (spousal maintenance is not property, cannot award maintenance in lieu of awarding property).   The trial court therefore abused its discretion by entering an order that was not permitted by law.   *Downer*, 701 S.W.2d at 242.   Issue One is sustained.

In Issue Two, Appellant asserts the trial court abused its discretion by entering a modification order that increased the amount of his spousal maintenance payments to Appellee because: (1) neither party had notice prior to the hearing that a modification of spousal maintenance could be at issue, so Appellant was not prepared to discuss the possibility at the hearing; *see* TEX. FAM. CODE ANN. § 8.057(b) (West 2006); (2) the statute only expressly allows for spousal maintenance amounts to be decreased, not increased; *see* TEX. FAM. CODE ANN. § 8.057(a) (West 2006).   The procedure for modifying spousal maintenance obligations as dictated by the statute is as follows: (1) a motion to modify is filed in the court that rendered the order, (2) notice is given in accordance with the rules of civil procedure to the parties involved, (3) a hearing on the motion is held, and (4) there is a finding of a substantial and material change in the circumstances of either party.   TEX. FAM. CODE ANN. § 8.057 (West 2006).   When a court modifies spousal maintenance outside the statutory procedure, it abuses its discretion by acting without reference to the applicable legal rules and principles.   *Murray*, 276 S.W.3d at 143; *Nesbitt v. Nesbitt*, No. 03-06-00025-CV, 2009 WL 1896074, at *2 (Tex. App. – Austin July 1,

2009, no pet.) (not designated for publication). The record reflects that the procedural requirements listed above were not followed. Because the trial court modified spousal maintenance without regard to the proper procedure, it abused its discretion. *Murray*, 276 S.W.3d at 143; *Nesbitt*, 2009 WL 1896074, at *2. We need not address Appellant's second argument claiming that the Family Code only allows spousal maintenance amounts to be decreased but not increased. *See* TEX. R. APP. P. 47.1. Issue Two is sustained.

## CONCLUSION

The trial court's judgment is reversed and we render judgment setting aside the clarifying order in regard to post-divorce maintenance.


                              GUADALUPE RIVERA, Justice
January 29, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.