COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
| --- | --- | --- |
| HECTOR GOMEZ, | § | No. 08-18-00136-CV |
|  | § |  |
| Appellant, | | Appeal from the |
| v. | § | |
|  | | 383rd District Court |
| SUSANA GOMEZ, | § | |
|  | | of El Paso County, Texas |
| Appellee. | § | |
|  | | (TC# 2011-CM-3393) |
|  | § |  |

# **O P I N I O N**

In this dispute over the division of retirement funds in a divorce, Appellant Hector Gomez challenges a money judgment entered against him and in favor of his ex-wife, Appellee Susana Gomez. Their divorce decree had divided two retirement accounts held in Hector's name, but while the divorce was pending and in violation of a court order, Hector withdrew and spent all of the retirement funds. Susana filed suit to enforce the property division, TEX.FAM.CODE ANN. §§ 9.001-.014, and she also alleged fraud on the community, *see id*. § 7.009. The trial court entered judgment based on both grounds alleged by Susana, and Hector challenges each on appeal.

We overrule each of Hector's three issues relating to Susana's enforcement action. The judgment did not impermissibly alter or change the substantive division of community property in the divorce decree, it was not precluded as a matter of res judicata, and there was no abuse of

discretion in the determination of the amount of damages awarded. Because the judgment is valid as enforcement of the divorce decree, we need not separately analyze Hector's challenges to the judgment based on the allegations of fraud, and accordingly we affirm.

**Background**

Susana Gomez filed for divorce from her then-husband, Hector. It is undisputed that in the course of the divorce proceedings, Hector submitted an inventory and appraisement, which was subsequently amended. Both inventories referenced two retirement accounts held in Hector's name and administered by his employer, FedEx. The inventories did not specify the amount of funds held in the retirement accounts. It is further undisputed that Hector and Susana were ordered to preserve their assets pending the conclusion of the divorce. Yet without informing the trial court or Susana, Hector closed one of his FedEx retirement accounts in September 2012, and he closed the other one in October 2012. In each case, the funds were transferred directly to his personal account and then spent on living expenses.

In the final divorce decree, the trial court awarded to Susana 50% of the two FedEx retirement accounts, together with any interest, dividends, gains, or losses on those amounts arising since the date of their marriage, as would be more particularly defined in a subsequent qualified domestic relations order. The trial court later issued two QDROs, informing the plans' trustees that Susana was entitled to receive 50% of Hector's accrued benefit under each plan. After the QDROs were filed with the plans' trustees, Susana learned that Hector had withdrawn all of the funds from the retirement accounts.

Susana then filed a petition for enforcement of the trial court's property division. She alleged that Hector had withdrawn all funds from the retirement accounts, and as a result delivery of her 50% interest in the retirement plans was no longer an adequate remedy. She asked the trial

2

court to reduce her award to a money judgment. TEX.FAM.CODE ANN. § 9.010(a). The petition also alleged that Hector's depletion of the retirement accounts constituted actual or constructive fraud. *See id.* § 7.009(b).

During the enforcement hearing, Hector testified that he had withdrawn approximately $75,000 from his retirement accounts, admitting that he had not informed Susana or any trial judge of his actions and that he had not transferred any of the retirement funds to Susana. Due to being unemployed, he spent all of the withdrawn funds on rent, medical expenses, and other living expenses.

Hector's 2012 federal tax return, filed as a married individual filing separately, covered a period while the divorce was pending and reported pension income of $114,127. Hector testified that he did not prepare the document, he did not think the reported pension income was accurate, and he asserted that he did not "take out that much." However, he admitted that he had never amended the return to correct the amount of pension income reported.

A 2011 quarterly statement for one of the retirement accounts was entered into evidence, and it showed an account balance of $90,140.38. In sworn answers to interrogatories, Hector stated that in September 2012 he closed one FedEx retirement account and withdrew $65,839.13, and in October 2012 he closed the other FedEx retirement account and withdrew $8,986.97. Those funds were deposited directly into Hector's bank account.

Susana testified that while married to Hector she reviewed documents relating to the retirement accounts and discussed them with him. She said she knew that one of the retirement accounts had a balance of $90,000 and the other had a balance of $60,000. She confirmed that she never received any of the retirement account funds that the trial court had awarded to her.

3

At the conclusion of the enforcement hearing, the trial court declared that it had jurisdiction over the parties and the dispute, found in favor of Susana on her enforcement and fraud claims, and awarded to Susana a money judgment in the amount of $57,063.50, pre- and post-judgment interest, and attorney's fees. The appellate record does not reflect any findings of fact or conclusions of law in connection with the judgment. *See* TEX.R.CIV.P. 296. Hector filed a notice of appeal.

**Analysis**

Hector challenges the judgment as an enforcement of the divorce decree's division of property on three distinct grounds. First, he contends that because there were no funds remaining in the retirement accounts when the trial court awarded half of those accounts to Susana, the judgment improperly altered the substantive division of property as provided in the divorce decree. Second, he argues that the enforcement action is barred by res judicata. Finally, he submits that the amount of damages awarded was not supported by legally sufficient evidence.

A trial court that rendered a divorce decree retains power to enforce the decree's property division. TEX.FAM.CODE ANN. §§ 9.002, 9.006(a); *Everett v. Everett*, 421 S.W.3d 918, 920 (Tex.App.—El Paso 2014, no pet.). The ruling on a post-divorce motion for enforcement of a divorce decree is generally reviewed for abuse of discretion. *Everett*, 421 S.W.3d at 920. A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to any guiding rules or principles, or when it erroneously exercises its power by making a choice outside the range of choices permitted by law. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985); *Everett*, 421 S.W.3d at 920.

**I.     Limitation on power of court to enforce divorce decree**

In the context of enforcing a divorce decree, a trial court may not amend, modify, alter, or change the property division made or approved in the decree. TEX.FAM.CODE ANN. § 9.007(a). Hector relies on this limitation on the trial court's enforcement power to support his contention that the trial court's award of money damages impermissibly changed the substantive property division because the retirement accounts had a zero balance when the trial court entered the final divorce decree awarding half of those accounts to Susana.

In the absence of findings of fact and conclusions of law, we imply all findings supported by the record that support the trial court's judgment. *See, e.g.*, *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Based on the evidence presented in the enforcement proceeding, the trial court would have acted within its discretion to find that by withdrawing and spending all of the funds in the FedEx retirement accounts, Hector violated the court's order prohibiting him from depleting the community's assets while the divorce was pending. Accordingly, we conclude that under these circumstances Susana was entitled to seek, and the trial court was authorized to render, a money judgment as enforcement of the property division in the divorce decree.

The Family Code provides: "If a party fails to comply with a decree of divorce or annulment and delivery of property awarded in the decree is no longer an adequate remedy, the court may render a money judgment for the damages caused by that failure to comply." TEX.FAM.CODE ANN. § 9.010(a). In her amended petition, Susana sought an award of money because Hector had failed to comply with the divorce decree because he had previously withdrawn all of the funds in the retirement accounts, thereby rendering the award of a one-half interest in the those accounts an inadequate remedy. When issuing the original decree, the trial court was required to order a division of the estate of the parties in a manner that it deemed just and right,

5

having due regard for the rights of each party. *Id*. § 7.001. In so doing, the court was required to determine the rights of both spouses in any retirement plans, *see id*. § 7.003, including the two FedEx retirement accounts listed on Hector's inventory. Hector was prohibited by court order from depleting the retirement accounts while the divorce was pending, and the divorce decree awarded half of the amounts that had been in those accounts to Susana.

The divorce decree and its allocation of retirement funds were not unilaterally transformed into a null award by Hector's prior, surreptitious violation of the court's order. Likewise, the court's enforcement of the divorce decree by reducing Susana's share of the retirement accounts to a money award did not violate the rule that a division of property may not be later amended under the guise of an enforcement action. We overrule Hector's first issue.

## II.    Res judicata

Hector invokes the doctrine of res judicata as an alternative argument that Susana's petition to enforce the allocation of retirement assets in the divorce amounted to a collateral attack on the division of property in the original decree. *See, e.g.*, *Baxter v. Ruddle*, 794 S.W.2d 761, 762 (Tex. 1990) (res judicata applies to a final divorce decree to the same extent it applies to any other final judgment, even if the divorce decree improperly divided the property). However, as explained above, we reject Hector's fundamental premise of characterizing Susana's enforcement action as an attempt to alter the original division of property. To the contrary, the trial court enforced the original property division by reducing Susana's share of the retirement accounts to a money judgment. TEX.FAM.CODE ANN. § 9.010. The trial court acted within its discretion because it could have determined that the discovery of Hector's withdrawal and expenditure of the retirement funds in violation of the court's order rendered the decree as written inadequate to ensure that

Susana received the property to which she was entitled and which she had been awarded. *See id.* The doctrine of res judicata did not apply, and we overrule Hector's second issue.

## III. Sufficiency of evidence to support damages

Finally with respect to the enforcement action, Hector contends that the damages awarded by the trial court were improper because they were supported by no evidence, or by legally insufficient evidence. He argues that he withdrew approximately $75,000 from the retirement accounts, and that the money judgment improperly awarded Susana approximately 76% of that amount. To the extent Hector argues again in this context that the award of money damages was legally impermissible for the reasons asserted in his first two issues, we reject those arguments for the reasons explained above. Hector further contends that the award of $57,063 is neither based on nor rationally linked to the evidence elicited at trial, and in the absence of additional evidence, the judgment is based solely on speculation and conjecture.

Appellate courts will sustain a legal sufficiency or "no-evidence" challenge if the record shows: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Wheeling v. Wheeling*, 546 S.W.3d 216, 223 (Tex.App.—El Paso 2017, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005)). As fact finder, the trial court was permitted to evaluate the credibility of witnesses and to assign the weight to be given their testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). The trial court may believe one witness, disbelieve another, and resolve inconsistencies in the testimony of any witness. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). However, because a ruling on the enforcement of a petition to enforce a property division is

7

reviewed for abuse of discretion, merely demonstrating legal sufficiency of the evidence is inadequate; it must also be shown that the alleged error was harmful. *See Wheeling*, 546 S.W.3d at 224 (citing TEX.R.APP.P. 44.1(a)(1)).

Hector's argument assumes the truth of his own contested testimony about the amount of retirement assets he withdrew and spent, and it ignores the evidence that tended to support the judgment. The trial court received a tax return into evidence, and that document showed that Hector reported $114,127 of pension income in 2012. Susana was awarded half of the retirement accounts, and the amount awarded to her in the enforcement action was half of what Hector reported as pension income in the same year that he admitted to withdrawing all funds from the FedEx retirement accounts. Although Hector disputed the accuracy of his tax return, it was the trial court's duty to resolve discrepancies in the evidence.

The evidence supported a rational fact finder's conclusion that half of the income from retirement accounts reported by Hector on his 2012 tax return—approximately $57,063—would have been delivered to Susana pursuant to the trial court's property division and in accordance with its qualified domestic relations orders if Hector had not wrongfully withdrawn the entirety of the retirement accounts while the divorce was still pending. Hector argues that no evidence was adduced to support an unequal division of assets considering the factors guiding the exercise of discretion in that context outlined in *Murff v. Murff*, 615 S.W.2d 696 (Tex. 1981), but the task before the trial court was enforcement of an existing decree, not a fresh determination of a just-and-right division of assets. We thus conclude that the ruling was supported by legally sufficient evidence, and the court did not abuse its discretion when it rendered a money judgment in the amount of $57,063. We overrule Hector's third issue.

## Conclusion

Having overruled all of Hector's challenges to the judgment as an enforcement of the divorce decree, we need not separately address his challenge to the judgment to the extent it was also supported by a determination of fraud. *See* TEX.R.APP.P. 47.1; *Long v. Long*, 144 S.W.3d 64, 67 (Tex.App.—El Paso 2004, no pet.) ("When findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence."). His only other remaining issue was an attorney's-fee challenge that was contingent upon successfully invalidating the trial court's award both as a matter of enforcement and with respect to fraud, which he has failed to do.

The trial court properly exercised its discretion in reducing Susana's one-half share of community retirement accounts to a money judgment. *See* TEX.FAM.CODE ANN. § 9.010. Accordingly, we affirm the judgment of the trial court.


March 25, 2020

MICHAEL MASSENGALE, Visiting Justice

Before Alley, C.J., Palafox, and Massengale, JJ.
Massengale, Visiting Justice (Sitting by Assignment)

9