**AFFIRMED and Opinion Filed March 2, 2021**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

### No. 05-19-01083-CV

### IN THE INTEREST OF D.N.P. AND A.E.P., CHILDREN

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-50742-2012**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Osborne

In this appeal, Mother and Father dispute whether their mediated settlement agreement ("MSA") requires Father to pay, as additional child support, a portion of the annual amounts he receives as a participant in his employer's profit-sharing plan. In the trial court, Mother moved to enforce the divorce decree's child support provision that incorporates the MSA's terms. After hearing Mother's motion, the trial court rendered a judgment for child support arrearage. Father appeals, contending the trial court's order makes impermissible substantive changes to the MSA and the decree. Concluding that the trial court clarified the decree in accordance with family code section 157.421, we affirm the trial court's judgment.

TEX. FAM. CODE § 157.421. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Father and Mother entered into an MSA on October 24, 2012. The MSA included provisions for support of their three children:

2. Father shall pay $1357.64 per month to Mother for child support. The first payment shall be due and payable on the [sic] November 1, 2012 and a like payment on the same day of each month thereafter until June 1, 2014, at which time Father shall pay $1131.37 per month to Mother for child support under the contingencies set forth in the Texas Family Code for reduction or cessation. A wage withholding order shall issue.

3. As additional child support, Father shall pay to Mother a sum equal to 30% of his net annual bonus within seven days of receipt for years 2013 and 2014. Thereafter Father shall pay to Mother a sum equal to 25% of his net annual bonus within seven days of receipt during the period Father owes a duty of support for the two younger children. Father agrees to provide to Mother documentation of his bonus award, by present [sic] to her a copy of his paystub showing such bonus in the month of payment and a yearend paystub.

This agreement was incorporated into the parties' January 10, 2013 final decree of divorce:

*Additional Child Support*

IT IS ORDERED that [Father] is obligated to pay and shall pay to [Mother] additional child support equal to thirty (30) percent of his net annual bonus, with the payment being due and payable within seven days of [Father's] receipt of his annual bonus each year for 2013 and 2014.

Thereafter, [Father] is ORDERED to pay to [Mother] additional child support equal to twenty-five (25) percent of his net annual bonus, with

the payment being due and payable within seven days of [Father's] receipt of his annual bonus each year thereafter for so long as [Father], has a court ordered obligation to pay child support for the younger two children.

IT IS ORDERED that [Father] shall provide to [Mother] documentation of his yearly bonus award, by providing [Mother] with a true and correct copy of his pay stub showing such bonus in the month of payment. IT IS FURTHER ORDERED that [Father] shall provide to [Mother] a true and correct copy of his year end paystub by no later than January 15 of the following year.

In 2019, Mother filed a "Motion for Enforcement of Child Support Order," alleging that Father had not paid any amounts in "additional child support" since the date of the decree. She also alleged that Father refused to provide the required payroll information. She requested "confirmation of all arrearages and rendition of judgment plus interest on arrearages, attorney's fees, and costs." She also requested that Father be held in criminal contempt, or in the alternative:

Movant requests that, if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt, the Court enter a clarifying order more clearly specifying the duties imposed on [Father] and giving [Father] a reasonable time within which to comply.

The clerk's record does not include a response by Father to Mother's enforcement motion. The reporter's record reflects hearings related to Mother's motion on April 11, June 20, and August 29, 2019. In those hearings, Mother testified that Father had not paid any "additional child support" in accordance with the MSA or the decree. Father agreed, but contended he was not required to do so because he has never, in the thirty years he has worked for his employer, received

–3–

any "bonus." Rather, he testified[1] that he has received only an annual distribution from his employer's profit-sharing plan in addition to his salary. The parties also offered conflicting testimony whether Father had provided the annual documentation required by the MSA and the decree.

At the conclusion of the hearing on Mother's motion, the trial court ruled that the decree would be clarified to carry out the parties' intent in the MSA and decree. The court explained that the decree's reference to "additional child support" was "considered by one side to be one name and by another side to be another name," but the parties intended the same source—the net payment Father received annually from his employer in addition to his regular salary—for the "additional child support" included in the MSA and the decree.

At a third and final hearing, the trial court heard the parties' arguments on Mother's motion to enter judgment for child support arrearage incorporating the trial court's rulings from the previous hearings. The court's "Judgment for Child Support Arrearage" signed on August 31, 2019, provides in part:

> Petitioner [Mother] made a request that the [January 10, 2013 decree] be clarified in relation to what the term, "net annual bonus" includes. The Court finds and clarifies that "net annual bonus" includes profit sharing, received by [Father] from the date of divorce through the time Respondent [Father] had an obligation to pay child support for [D.N.P. and A.E.P.].
>
> . . .

---

[1] Initially Father answered all questions by responding that "[o]n the advice of counsel, I invoke my Fifth Amendment rights against self-incrimination," but later in the hearing gave substantive responses.

The Court further finds that Respondent has failed to make additional child support payments on his annual profit sharing, as clarified in this order. The Court finds and confirms that Respondent is in arrears in the amount of $15,953.56 plus $2,637.78 in accrued interest on that amount, for the period January 10, 2013 through June 20, 2019. Judgment is awarded against Respondent in the total amount of eighteen thousand five hundred ninety-one dollars and thirty-five cents ($18,591.31) for the arrearages and interest.

This appeal followed. In a single issue, Father contends the trial court erred by making a substantive change to the "additional child support" provision in the agreed divorce decree "by expanding the definition of bonus to include profit-share."

### APPLICABLE LAW AND STANDARD OF REVIEW

Family code section 157.421(a) provides that a court may clarify an order "if the court finds, on the motion of a party or on the court's own motion, that the order is not specific enough to be enforced by contempt." TEX. FAM. CODE § 157.421(a). A court may not, however, "change the substantive provisions of an order to be clarified." *Id.* § 157.423(a). A court may render a clarification order before or in conjunction with a motion for contempt, or after denying a motion for contempt. *Id.* § 157.424.

As explained in *In re V.M.P.*, 185 S.W.3d 531 (Tex. App.—Texarkana 2006, no pet.):

A clarification order is analogous to a judgment nunc pro tunc in that it cannot substantively change a final order. To be clerical in nature, the error must be one that is not the result of judicial reasoning, evidence, or determination. Correction of a clerical error does not effect a substantive change in the court's order. On the other hand, judicial error results from judicial reasoning or determination. Substantive change results from correction of a judicial error.

–5–

*Id.* at 534 (internal quotations and citations omitted).

A substantive change made through a clarification order is unenforceable. TEX. FAM. CODE § 157.423(b); *see also In re R.F.G.*, 282 S.W.3d 722, 725 (Tex. App.—Dallas 2009, no pet.). The only basis for clarifying a prior decree is when a provision is ambiguous. *In re R.F.G.*, 282 S.W.3d at 725. Whether a divorce decree is ambiguous is a question of law subject to de novo review. *Id.*

An agreed divorce decree is a contract subject to the usual rules of contract construction. *Id.* We construe divorce decrees, like judgments, as a whole to harmonize and give effect to the entire decree. *Id.* (citing *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)). Our primary concern in interpreting a contract is to ascertain the true intent of the parties. *Id.* (citing *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996)). If, when read as a whole, the decree's terms are unambiguous, we must give effect to the order in light of the actual language used. *Id.* But if the decree's terms are ambiguous, that is, subject to more than one reasonable interpretation, we must review the record along with the decree to aid in interpreting the judgment. *Id.*

## DISCUSSION

In his sole issue, Father argues that the decree's additional child support provision was clear as to his obligation and did not need to be clarified. Citing *Weido v. Weido*, No. 01-15-00755-CV, 2016 WL 1355764, at *4 (Tex. App.—Houston [1st Dist.] Apr. 5, 2016, no pet.) (mem. op.), he argues that Mother failed to meet the

"heavy burden" to establish the need for a clarification under family code section 157.421. Father also argues that the terms "bonus" and "profit-sharing" are not interchangeable and do not have the same meaning when the decree is read in its entirety, relying on *In re W.M.R.*, No. 02-11-00283-CV, 2012 WL 5356275, at *6 (Tex. App.—Fort Worth Nov. 1, 2012, no pet.) (mem. op.).

We disagree. Father testified that he has worked for the same employer for thirty-one years—apparently for the entire duration of the marriage[2]—including at the time the parties entered into the MSA and the seven years following. He testified that he has never been paid a "bonus" by his employer in the thirty-one years he has worked there. Since that is the case, if Father's interpretation of the "additional child support" provision is correct, Father would never owe any additional child support despite his promise to pay it annually. Father concedes that each year he has been paid an additional sum in late January or early February from his employer's profit-sharing plan.

In *W.M.R.*, in contrast, Father changed jobs after entering into an agreed modification order in which he promised to pay "20% 'of the net after taxes of any bonus he receives from his employment'" as part of his child support obligation. *See W.M.R.*, 2012 WL 5356275, at *5. In the new job, there was a different pay structure. *Id.* at *5–6. In the new pay structure, Father was paid commissions that were

---

[2] The record reflects that the parties were married in 1998 and divorced in 2013, and Father testified in 2019 that he has worked for the same employer for thirty-one years.

included in his regular wage checks. *Id.* The trial court rendered judgment for arrearages based on Father's commissions, but the court of appeals reversed, concluding that Father's testimony about his new job and the order's language supported the common usage and dictionary definition of a bonus as "a premium paid in addition to what is due or expected" or as payment for services "in addition to or in excess of the compensation that would ordinarily be given." *Id.* at *6 (citing BLACK'S LAW DICTIONARY 206 (9th ed. 2009) and WEBSTER'S THIRD NEW INT'L DICTIONARY 252 (3rd ed. 2002)). The evidence showed that in the new job, Father's commissions were part of his regular compensation, not in addition to it. *Id.* The court recognized, however, that Father's job change resulted in a change in the parties' initial understanding. *See id.* at *5 ("Mother's testimony only demonstrates her understanding of bonuses in Father's previous payment structures . . . .").

Here, in contrast, there is no job change. The parties' understanding, memorialized in the MSA, was that Father received an additional payment annually from his employer (called a "net annual bonus"), and he would pay Mother, as "additional child support," a specified percentage of that payment within seven days. At that time and in all the years following, the only additional payment Father received from his employer was from the employer's profit-sharing plan. As the trial court noted, the decree's reference to "additional child support" was "considered by one side to be one name and by another side to be another name," but the only

possible basis for the parties' understanding was, as the trial court clarified, that "'net annual bonus' includes profit sharing."

Nor does *Weido* present similar circumstances. There, the court determined there was no clerical error in the MSA because there was no evidence presented that there was any error—either clerical or substantive—in the MSA. *See Weido*, 2016 WL 1355764, at *3 ("No such evidence was presented to support a finding that the MSA contains an error."). The court went on to hold that the MSA was not ambiguous in any event; the MSA provided two specific options for the child's schooling, and the requested modification was to send the child to school elsewhere. *See id.* at *1, 5. This was a substantive change that the trial court was "absolutely prohibited" from making. *Id.* at *5 ("The trial court cannot modify the MSA for the parents."). Here, in contrast, Mother presented evidence that the MSA was ambiguous.

Father also argues that considering the decree in its entirety, the parties understood the terms "profit sharing" and "bonus" to have different meanings. He cites to the decree's awards in paragraphs H-4 and W-5 to each spouse of any interest in "any profit-sharing plan" or "accrued unpaid bonuses" existing by reason of that spouse's past, present, or future employment. We disagree. "An agreed divorce decree is a contract subject to the usual rules of contract construction." *In re R.F.G.*, 282 S.W.3d at 725. Under those rules, a specific provision such as the "additional child support" paragraph controls over general terms such as those in paragraphs

H-4 and W-5. *See, e.g., O'Connor v. O'Connor*, 694 S.W.2d 152, 155 (Tex. App.— San Antonio 1985, writ ref'd n.r.e.) (specific language in divorce decree that court had no jurisdiction over husband's military retirement benefits controlled over more general awards of retirement benefits elsewhere in decree, citing "well established rule of construction that the specific language of an instrument controls over its general terms"). We must also construe the decree so that no provisions will be rendered meaningless. *See Coker*, 650 S.W.2d at 393 (courts should examine and consider entire writing "in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless," construing property settlement agreement incorporated in divorce decree). As we have discussed, construing the "additional child support" provision to exclude Father's profit-sharing distribution would render the provision meaningless.

We conclude the trial court did not err by finding the MSA's "additional child support" provision to be ambiguous and rendering judgment to clarify as permitted under family code section 157.421. *See* TEX. FAM. CODE § 157.421(a), (b). We decide Father's sole issue against him.

## CONCLUSION

We affirm the trial court's August 31, 2019 judgment for child support arrearage.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

191083F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

IN THE INTEREST OF D.N.P. AND A.E.P., CHILDREN,

No. 05-19-01083-CV

On Appeal from the 417th Judicial District Court, Collin County, Texas Trial Court Cause No. 417-50742-2012.
Opinion delivered by Justice Osborne. Justices Myers and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Bernelle L. Reichley recover her costs of this appeal from appellant Francisco Jose Pena, Jr.

Judgment entered March 2, 2021